[No. 8227-2-I.   Division One.   May 18, 1981.]

LOUIS HAFERMEHL, *Appellant,* v. THE UNIVERSITY OF WASHINGTON, *Respondent.*

*Karl E. Malling,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Elsa Kircher Cole, Assistant,* for respondent.

SWANSON, J.—C. Louis Hafermehl appeals from an order denying his request for disclosure brought pursuant to the Washington public disclosure act, RCW 42.17.

Hafermehl is an associate professor at the University of Washington School of Art. In 1978 he was considered for promotion to full professor. Pursuant to the University of Washington policy governing promotions, faculty members senior to him in academic rank in the school of art voted on whether to recommend promotion. The faculty vote of 10 for promotion and 3 against was transmitted to the director of the school of art. The director made an evaluation, and recommended against promotion. After forwarding his recommendation to the acting dean of the college of arts and

sciences, the director received various letters from faculty members, including three letters opposing promotion. The director forwarded all of the letters to the acting dean of the college of arts and sciences and to the college council of the college of arts and sciences.

The college council reviewed the departmental recommendation for promotion. The college council is composed of eight members and is advisory to the dean, who makes the final decision concerning promotion. The college council received the documentary material submitted by the school of art concerning Hafermehl's promotion, including the letter from the director of the school which conveyed the departmental faculty action and the director's independent judgment opposing promotion. Included in the material were several letters of recommendation submitted by individuals both on and off campus, as well as the three letters from faculty members opposing promotion.

The college council reached a decision opposing Hafermehl's promotion, in which the acting dean of the college of arts and sciences concurred.

After learning of the decision denying promotion, Hafermehl requested the contents of his university file regarding promotion. He was provided copies of selected documents, but did not receive copies of the three letters opposing promotion. Hafermehl commenced this action requesting an in camera hearing and an order requiring production pursuant to the Washington public disclosure act, RCW 42.17.

The trial court conducted an in camera hearing pursuant to RCW 42.17.340(2), and entered the following findings of fact:

> 2. The letters have been read by the court in camera and do contain opinions and evaluations of their authors.
> 3. As the letters are recommendations and intra–University memorandums expressing opinions and evaluations made preliminary to, and not publicly cited in connection with, any University action they are exempt under RCW 42.17.310(1)(i).

Based on these findings, the trial court denied Hafermehl's

request for disclosure.

The dispositive issue on appeal is whether the three letters containing the opinions and evaluations of three faculty members of the school of art concerning Hafermehl's promotion are exempt from public inspection and copying pursuant to RCW 42.17.310(1)(i), which exempts:

> Preliminary drafts, notes, recommendations, and intra–agency memorandums in which opinions are expressed or policies formulated or recommended except that a specific record shall not be exempt when publicly cited by an agency in connection with any agency action.

In resolving this issue, we are mindful that the exemptions contained in the Washington public disclosure act should be narrowly construed in order to effectuate the broad public policy favoring disclosure. *Hearst Corp. v. Hoppe,* 90 Wn.2d 123, 580 P.2d 246 (1978).

The purpose of the exemption provided in RCW 42.17.310(1)(i) for intraagency memoranda, "is to allow frank and uninhibited discussion during the decision–making process." *Hearst Corp. v. Hoppe, supra* at 132. This exemption is similar to the exemption in subsection (b)(5) of the federal Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1970 & Supp. 5 1975), and "thus judicial interpretations of that act are particularly helpful in construing our own." *Hearst Corp. v. Hoppe, supra* at 128. The federal courts have recognized that the exemption is cast in terms of a discovery standard which serves as a "rough" guide and

> protects, as a general rule, materials which would be protected under the attorney–client privilege; the attorney work–product privilege; or the executive "deliberative process" privilege . . .

(Citations omitted.) *Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 862 (D.C. Cir. 1980). We note that RCW 42.17.310(1)(j) also exempts records which "would not be available to another party under the rules of pretrial discovery", and thus the exemption provided in subsection (1)(i) for intraagency memoranda may be similar

in scope. In any event, the exemption for intraagency memoranda provided in subsection (1)(i) expressly protects against disclosure of material covered by the executive deliberative process privilege.

In *Hearst Corp. v. Hoppe, supra* at pages 132–33, the court relied upon federal cases interpreting the exemption 5 of the FOIA, stating:

> There, according to federal courts, the policy is to protect the give and take of deliberations necessary to formulation of agency policy. *EPA v. Mink*, 410 U.S. 73, 87, 35 L. Ed. 2d 119, 93 S. Ct. 827 (1973). That privilege is not absolute and the executive must establish that documents contain predecisional opinions or recommendations of subordinates expressed as part of a deliberative or policy–making process. *NLRB v. Sears, Roebuck & Co.,* [421 U.S. 132, 44 L. Ed. 2d 29, 95 S. Ct. 1504 (1975)]. There must also be a showing by the executive that the disclosure of these opinions would be injurious or detrimental to the agency's deliberative or consultative function. *EPA v. Mink, supra* at 87.
>
> The purpose of the exemption severely limits its scope. Disclosure must be shown to inhibit the flow of recommendations, observations, and opinions before the exemption can be invoked.

In *Coastal States Gas Corp. v. Department of Energy, supra* at page 866, the court explained the deliberative process privilege:

> The privilege has a number of purposes: it serves to assure that subordinates within an agency will feel free to provide the decisionmaker with their uninhibited opinions and recommendations without fear of later being subject to public ridicule or criticism; to protect against premature disclosure of proposed policies before they have been finally formulated or adopted; and to protect against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action.

In determining whether a particular document is exempted under the deliberative process privilege an understanding of the function that the document serves is essential. *NLRB*

*v. Sears, Roebuck & Co.*, 421 U.S. 132, 44 L. Ed. 2d 29, 95 S. Ct. 1504 (1975); *Coastal States Gas Corp. v. Department of Energy, supra.* Each case must be decided upon its own facts when considering the document sought and its function in the administrative process. *Coastal States Gas Corp. v. Department of Energy, supra.* Material which is treated as factual data upon which the decision is made is not exempt from disclosure. *Hearst Corp. v. Hoppe, supra.*

Here, the three letters from faculty members who opposed Hafermehl's promotion expressed the opinions and evaluations of their authors. Although letters concerning promotion are not required as a part of the process, they are often included. Letters may be requested or volunteered; they may be addressed to the departmental chairman, or an evaluation committee, or they may be sent directly to the dean. Most letters are supportive and recommend promotion; however, some are critical and oppose promotion. The University follows a policy of making all documentary material, including all letters, available to the college council and the dean prior to the meeting on promotion.

It is apparent from considering the function of the letters in the administrative process concerning promotion that they play an integral part in the promotion process. The provost at the University of Washington stated in an affidavit that "such letters are an essential part of the decision making process at the University, and frank expression of opinion in them is crucial to that process." The letters here clearly express the authors' opinions and evaluations. Exempting them from public disclosure will further one of the primary aims of the deliberative process privilege, *viz.*, to further the giving of uninhibited opinions and recommendations without fear of later public ridicule or criticism.

Federal cases involving similar facts have held that the materials are exempt. In *Wu v. National Endowment for Humanities*, 460 F.2d 1030 (5th Cir. 1972), *cert. denied*, 410 U.S. 926, 35 L. Ed. 2d 586, 93 S. Ct. 1352 (1973), Wu sought discovery of various critical reviews of his academic

work but the court held that such material was exempt. Similarly, in *Keyes v. Lenoir Rhyne College*, 552 F.2d 579 (4th Cir.), *cert. denied*, 434 U.S. 904, 54 L. Ed. 2d 190, 98 S. Ct. 300 (1977), the court held that faculty evaluations were not subject to civil discovery because the need for confidentiality outweighed the need for disclosure. In *McKillop v. Regents*, 386 F. Supp. 1270 (N.D. Cal. 1975), the court held that under California evidence law the need for disclosure for an individual denied tenure was outweighed by the damage that such disclosure would do to the peer evaluation system.

In reviewing the record here, it is apparent that the three letters were not treated as raw, factual material, or cited publicly, or adopted as the decision of the University in denying promotion. Since they contained purely intraagency materials expressing the opinions and recommendations of their authors, reflecting the deliberative process, they are exempt from public disclosure and copying.

Affirmed.

WILLIAMS and CORBETT, JJ., concur.