[No. 10658–2–II. Division Two. October 23, 1987.]

PAT MOSER, *Respondent,* v. FRANK KANEKOA, *Appellant.*

___

530

*Arthur D. Curtis, Prosecuting Attorney,* and *Richard S. Lowry, Deputy,* for appellant.

*James J. Sowder,* for respondent.

WORSWICK, J.—Clark County had jail management problems, so Sheriff Frank Kanekoa ordered his undersheriff, Robert Songer, to investigate and prepare a report. Songer's voluminous final product consisted of: summaries of 28 interviews, which included the opinions of those interviewed concerning the ability and management practices of the jail administrator; 77 completed questionnaires from custody officers, including their "feelings" and "suggestions"; and Songer's 23–page memorandum summarizing the results of his investigation and setting forth his recommendations. Kanekoa adopted and implemented several of Songer's recommendations. That a report had been prepared was public knowledge, but the report itself was withheld from the public.

When Kanekoa refused the request of Pat Moser, a newspaper reporter, for a copy of the whole report, Moser sued under former RCW 42.17.340(1), a part of the public disclosure act.[1] Kanekoa now appeals a superior court

---

[1]Former RCW 42.17.340(1) provided that:

"Upon the motion of any person having been denied an opportunity to inspect or copy a public record by an agency, the superior court in the county in which a record is maintained may require the responsible agency to show cause why it has refused to allow inspection or copying of a specific public record or class of records. The burden of proof shall be on the agency to establish that refusal to permit public inspection and copying is required."

order requiring disclosure of the interview summaries.[2] He contends that this material is exempt from disclosure under the "deliberative process" exemption, RCW 42.17.310(1)(i). We affirm, holding that the interview summaries are not exempt.

Because of the liberal interpretation accorded the public disclosure act, the exemptions set forth in RCW 42.17-.310(1) are narrowly construed. *Hearst Corp. v. Hoppe,* 90 Wn.2d 123, 580 P.2d 246 (1978); *Columbian Pub'g Co. v. Vancouver,* 36 Wn. App. 25, 671 P.2d 280 (1983). An agency seeking to invoke an exemption has the burden of proving that it applies. RCW 42.17.340(1); *In re Rosier,* 105 Wn.2d 606, 609, 717 P.2d 1353 (1986).

■ The deliberative process exemption, RCW 42.17-.310(1)(i), exempts from disclosure

Preliminary drafts, notes, recommendations, and intra–agency memorandums in which opinions are expressed or policies formulated or recommended except that a specific record shall not be exempt when publicly cited by an agency in connection with any agency action.

This exemption is designed to promote free and uninhibited deliberation on the part of those involved in the making of a policy or decision. *Hearst Corp. v. Hoppe, supra; Columbian Pub'g Co. v. Vancouver, supra; Hafermehl v. UW,* 29 Wn. App. 366, 628 P.2d 846 (1981). It protects deliberations, much as jury deliberations are protected, but not the raw material—the evidence—that is the subject of deliberations.

Kanekoa relies heavily on the fact that the summaries contain the opinions of those interviewed. He seems to argue that all opinions ultimately considered by the decision maker are exempt. He contends that *Hafermehl v. UW, supra,* supports his position. We disagree.

*Hafermehl* involved the process by which a faculty member was considered for a tenured position. Senior faculty

---

[2]The court also ordered disclosure of the questionnaire responses, and disclosure was made following our commissioner's refusal to stay that order. The court declined to order disclosure of Songer's memorandum; Moser has not appealed.

members, disclosure of whose opinions were sought, actually voted on a recommendation for or against tenure as a regular part of the University's procedure. These faculty members were regularly and integrally involved in the decisionmaking process. Their opinions went directly to the issue of what the decision should be. That is not what we have here.

*Columbian Pub'g Co.*, strikingly parallel on its facts to this case, is more in point. There, as here, the opinions, mostly in the form of complaints, were raw material from the consideration of which the city manager could understand why many police officers had lost confidence in the police chief. Here, as in *Columbian Pub'g Co.*, those offering the opinions the Sheriff seeks to exempt from disclosure were not involved in the decisionmaking process. Their "opinions" were not the kind contemplated by the deliberative process exemption. The interview summaries must be disclosed.

Moser is entitled to attorneys fees on appeal (RCW 42.17.340(3)), and has complied with RAP 18.1. We award $1,500.

Affirmed.

REED, C.J., and PETRICH, J., concur.