[No. 2078-2. Division Two. January 28, 1977.]

DALE ASHLEY, *Appellant*, v. WASHINGTON STATE PUBLIC DISCLOSURE COMMISSION, ET AL, *Respondents*.

*Dale Ashley*, pro se.

*Slade Gorton, Attorney General,* and *Nixon J. Handy, Assistant,* for respondents.

PEARSON, J.—Petitioner, Dale Ashley, appeals from the Superior Court's denial of his petition to compel inspection and copying of Washington State Public Disclosure Commission files of a pending investigation into alleged violaions of RCW 42.17. (Initiative 276.)

The issue dispositive of this appeal is whether the information sought by Ashley fits within certain material exempted from public inspection by the public disclosure law. We affirm for the reasons discussed below.

1973 initiative measure 276, RCW 42.17, was enacted to encompass

the public accountability of incumbents of public office and candidates seeking to represent the people in public office as well as lobbyists and their employers seeking to guide or direct legislation.

*Fritz v. Gorton,* 83 Wn.2d 275, 290, 517 P.2d 911 (1974). The measure, while acknowledging the right of individuals to privacy and the desirability of the efficient administration of government, goes on in RCW 42.17.010(11) to emphasize that:

The provisions of this chapter shall be liberally construed to promote complete disclosure of all information respecting the financing of political campaigns and lobbying, and the financial affairs of elected officials and candidates, and full access to public records so as to assure continuing public confidence in fairness of elections and governmental processes, and so as to assure that the public interest will be fully protected.

In November 1974 petitioner commenced filing a series of complaints to the commission alleging multiple violations of Initiative 276 in that year's 34th Legislative District senatorial election in which R. R. ("Bob") Grieve was defeated for reelection. Thereafter, petitioner became concerned with the progress of the commission's investigation into his charges, and on March 4, 1975, he filed a request "that he be permitted to view and make copies of all of the

investigative material [in the commission's files on the case] including the responses of the parties accused . . ." Petitioner's appellate brief states that he wanted to

> monitor the investigation . . . [b]ecause in his opinion, the Commission was not doing an adequate job of pursuing the violations he had brought to their attention and because he wanted to pick up loose ends and supplement the Commission's work.

The commission denied petitioner total access to its files, and his petition seeking a court order ensued.

The Public Disclosure Commission readily acknowledges that the open government law it exists to administer is intended mainly to *create* access to public records, and concedes that the materials in its investigative files are "public records" as defined by RCW 42.17.020(26). Identifiable public records are to be open to public inspection and copying, as directed by RCW 42.17.250-.340.

The commission, however, relies on certain exemptions from public inspection and copying of the public records sought by petitioner. At all times relevant to this controversy,[1] RCW 42.17.310 exempted, among others, the following:

> (1) The following shall be exempt from public inspection and copying:
>
> . . .
>
> (d) *Specific intelligence information and specific investigative files compiled by investigative,* law enforcement and penology *agencies,* and state agencies vested with the responsibility to discipline members of any profession, *the nondisclosure of which is essential to effective law enforcement or for the protection of any person's right to privacy.*
>
> (e) Information revealing the identity of persons who file complaints with investigative, law enforcement or penology agencies, except as the complainant may authorize.
>
> . . .

---

[1] RCW 42.17.310 has been amended in certain respects not material to this appeal. Laws of 1975, 2d Ex. Sess., ch. 82, § 5; Laws of 1975, 1st Ex. Sess., ch. 294, § 17.

(i) Preliminary drafts, notes, recommendations, and intra-agency memorandums in which opinions are expressed or policies formulated or recommended except that a specific record shall not be exempt when publicly cited by an agency in connection with any agency action.

(2) *The exemptions of this section shall be inapplicable to the extent that information, the disclosure of which would violate personal privacy or vital governmental interests, can be deleted from the specific records sought.* No exemption shall be construed to permit the nondisclosure of statistical information not descriptive of any readily identifiable person or persons.

(Italics ours.) The direction in section (2) that even these exemptions will not prevent public inspection and copying if matters violative of personal privacy or "vital governmental interests" can be deleted, is restated in RCW 42.17.310(3). That section contemplates that a party may obtain a superior court hearing on whether the exemption of such records is "clearly unnecessary to protect any individual's right of privacy or any *vital governmental function*." (Italics ours.)

Furthermore, RCW 42.17.330 authorizes the superior court to enjoin the examination of any specific record:

The examination of any specific record may be enjoined if, upon motion and affidavit, the superior court for the county in which the movant resides or in which the record is maintained, finds that such examination would clearly *not be in the public interest* and would substantially and irreparably damage any person, *or would substantially and irreparably damage vital governmental functions.*

(Italics ours.)

In this case, the Superior Court entered findings of fact that appear to have been mislabeled as conclusions of law, or which are better described as mixed findings and conclusions. The factual findings can be summarized as follows:

1. That the Public Disclosure Commission is an investigative agency of the State of Washington.

2. That the commission has compiled an investigative file upon Dale Ashley's allegations of violations of RCW 42.17

by persons involved in the 34th Legislative District senatorial election.

3. That the commission has not completed its action in the subject investigation.

From these, the court concluded:

 That the Public Disclosure Commission, as a state agency, is presumed to act properly and in accordance with the law. [2] There would be an *impairment of vital governmental interests* if a public access to said investigative files were allowed during the reasonable pendency of the investigation.

(Italics ours.)

 In reviewing the court's decision in light of statutory exemption provisions and the record before us, we begin with the determination that the Public Disclosure Commission is an "investigative agency." This is obvious from the commission's duties as defined in RCW 42.17.360, .370(3),[2] and as described by its administrator and assistant administrator in affidavits outlining its investigative activities.

---

[2]RCW 42.17.360 provides:

"Commission—Duties. The Commission shall:

"(1) Develop and provide forms for the reports and statements required to be made under this chapter:

"(2) Prepare and publish a manual setting forth recommended uniform methods of bookkeeping and reporting for use by persons required to make reports and statements under this chapter;

"(3) Compile and maintain a current list of all filed reports and statements;

"(4) Investigate whether properly completed statements and reports have been filed within the times required by this chapter;

"(5) Upon complaint or upon its own motion, investigate and report apparent violations of this chapter to the appropriate law enforcement authorities;

"(6) Prepare and publish an annual report to the governor as to the effectiveness of this chapter and its enforcement by appropriate law enforcement authorities; and

"(7) Enforce this chapter according to the powers granted it by law."

RCW 42.17.370(3).

"Commission—Additional powers. . . .

. . .

"(3) Make from time to time, on its own motion, audits and field investigations;"

█ There seems to be no dispute that the commission has compiled an "investigative file" pertaining to petitioner's allegations. Moreover, we are convinced that the file or files devoted to this investigation are "specific," in the ordinary meaning of that word, i.e., "precise; definite, explicit."[3] The statute contains no other definition to suggest a contrary conclusion.

To uphold the exemption applied in this case, however, we must also determine that the nondisclosure of the materials sought is justified to protect "vital governmental interests," in the phrase employed by the Superior Court and taken verbatim from RCW 42.17.310 (2) and substantially from RCW 42.17.330 ("vital governmental functions").

█ There are no findings of fact directly in support of this conclusion. But the commission's evidence in the form of affidavits and guidelines for handling complaints clearly establishes that the "vital governmental interests" involved are those inherent in the law enforcement related activities that constitute a major portion of the commission's duties. The evidence is augmented by the law enforcement related powers expressly prescribed for the commission in the statutes, of which we take judicial notice: (1) to investigate whether public disclosure laws have been violated, and if a violation has occurred, to enter a cease-and-desist order and to impose a civil penalty;[4] (2) to report and refer apparent violations to law enforcement authorities;[5] (3) to subpoena witnesses and documents and to take testimony under oath;[6] (4) to report annually to the Governor on the effectiveness of the public disclosure laws and their enforcement by law enforcement authorities.[7] The commission is also in a position to uncover and develop a variety of cases of criminal conduct for referral to prose-

---

[3] *Webster's New World Dictionary* 1399 (College ed. 1966).
[4] RCW 42.17.360 (4); The commission's power under RCW 42.17.395 to enjoin and penalize was added by Laws of 1975, 2d Ex. Sess., ch. 112, § 12.
[5] RCW 42.17.360 (5); RCW 42.17.395 (3).
[6] RCW 42.17.370 (5).
[7] RCW 42.17.360 (6).

cuting authorities. This evidence of law enforcement responsibilities is uncontroverted except by Ashley's opinion, unsupported by evidence, that the commission has no such responsibilities. Where evidentiary facts are undisputed, even though not the subject of a finding, they will be treated as facts in support of the conclusions. *In re Burtts*, 12 Wn. App. 564, 530 P.2d 709 (1975). Without deciding whether the Public Disclosure Commission is a "law enforcement agency," we are satisfied on the record that the commission has various law enforcement related responsibilities.[8] These responsibilities are undeniably cognizable within the term "vital governmental functions," or "interests," and there is ample evidence to support the trial court's conclusion of law.

The rationale for exempting such material from unwinnowed public view is clear. Wholesale release of material in investigative files, as petitioner requests, would eviscerate an ongoing investigation. Human sources of information must be assured of anonymity, or they will dry up. Premature release of information may jeopardize the remainder of an inquiry, or related inquiries. Preliminary conclusions or accusations should not be revealed inasmuch as they may later be superseded, or even totally contradicted. "Monitoring" of an investigation by a private citizen —no matter how noble his motives—cannot help but hinder and perhaps even intimidate the professional staff attempting to objectively pursue the investigation.

The Superior Court did not base its decision upon whether petitioner's request for inspection of "all" of the commission's file materials was in compliance with RCW 42.17.270, which directs public agencies to make "identifiable records" available to the inquiring citizen. Nor did the

---

[8]The Freedom of Information Act, 5 U.S.C. § 552, contains an exemption from public inspection and copying in section (b)(7), as previously phrased, for "investigatory records compiled for law enforcement purposes". The federal courts have established that civil as well as criminal law enforcement activities are within the purview of this exemption. *See, e.g., Center for Nat'l Policy Review on Race & Urban Issues v. Weinberger*, 502 F.2d 370 (D.C. Cir. 1974).

court decide whether intrusions into privacy might be involved. While we do not approve undue curtailment of public access, we only note that it is evident that indiscriminate requests for the contents of an investigative file could burden an agency staff by requiring it to examine an entire file to determine whether certain material might be exempt, rather than narrowing its evaluation to specified, identifiable items requested. More important, complete disclosure of a file may present a potential for serious invasions of privacy and even the bases of libel actions. These concerns are expressed in RCW 42.17.010(11) and several of the exemptions in RCW 42.17.310. The commission has stated that it would willingly grant access to identifiable records after deleting statutorily exempt material. As we have observed, the commission's deletions are subject to court review. We do not think the public disclosure law is designed to require unrestricted public access to all material in an agency investigative file.

The denial of petitioner's broad request for inspection and copying of these files was proper on grounds they were exempt as "specific investigative files" of an "investigative . . . agenc[y]," the nondisclosure of which was "essential to effective law enforcement"—a "vital governmental function." RCW 42.17.310(1)(d); (3).

The order denying review of the records is affirmed.

PETRIE, C.J., and REED, J., concur.

Petition for rehearing denied March 8, 1977.

Review by Supreme Court pending September 29, 1977.