[No. 5118–II.   Division Two.   March 25, 1982.]

LABORERS INTERNATIONAL UNION OF NORTH AMERICA,
.LOCAL NO. 374, *Appellant,* v. THE CITY
OF ABERDEEN, ET AL, *Respondents.*

*Hafer, Cassidy & Price,* by *Richard H. Robblee,* for appellant.

*David Foscue, Corporation Counsel,* for respondent City of Aberdeen.

*Perkins, Coie, Stone, Olsen & Williams,* by *Russell L. Perisho,* for respondent Felton Construction Co.

WORSWICK, J.—Is a labor union entitled, because of the Washington public disclosure act, to inspect unexpurgated copies of a private contractor's payroll records filed with a city pursuant to a public contract, in order to verify the contractor's compliance with federal public project wage laws? The union brought this action in superior court claiming it is. The City of Aberdeen, conceding that such payroll records are public records, contended that only copies edited to delete information that would identify specific employees should be furnished. The contractor, Felton Construction, intervened contending no part of the record should be available. The trial court agreed with the City and entered an order accordingly. We reverse, holding that the payroll records are public records, that no exemption applies and therefore the union is entitled to access to the unexpurgated version.

In 1979, the City awarded the contractor a contract for rehabilitation of the City's sewer system. Because the project was partially federally funded, the contractor was required under 40 U.S.C. § 276c to submit certified copies of its payroll records to the City to permit monitoring of compliance with the "prevailing wage" provisions of the Davis–Bacon Act, 40 U.S.C. §§ 276a–1 to 276a–5. The payroll records include such information as employee names, job classifications, hourly wages, hours worked and total pay for the week.

As collective bargaining representative for the contractor's laborers, the union asked the contractor for access to the payroll records to verify that the employees were being properly paid. The contractor refused. The union then

asked the City to show it copies of the records in the City's possession. The City complied but deleted the names of the employees on the basis that deletion was necessary to prevent an invasion of the employees' right to privacy.

While examining the records, a union representative discovered that the health and welfare insurance premium forms, which the company filed with the union, indicated more laborers' hours than those included in the payroll records. The union contended in its petition filed in superior court that it needed the whole record in order properly to determine the contractor's compliance with the Davis–Bacon Act. For the different reasons indicated above, both the union and the contractor ask review of the trial court's determination that the payroll records were public records within the terms of RCW 42.17.020(26), but that the employees' names were properly deleted. We review the trial court's order de novo. RCW 42.17.340(2).

Two issues are presented: Are these payroll records public records subject to disclosure under RCW 42.17? If they are, is there an applicable exemption which would justify limiting disclosure or preventing it completely?

■ RCW 42.17.020(26) states:

"Public record" includes any writing containing information relating to the . . . performance of any governmental . . . function . . . retained by any . . . local agency . . .

The records involved are a "writing." They are "retained" by the City. The City is a local agency. Do they contain information relating to the performance of any governmental function? We hold that they do.

The contractor was required under 40 U.S.C. § 276c and 29 C.F.R. § 3.3(b) (1981) to furnish the City weekly a certified copy of its payroll record to facilitate monitoring of compliance with the Davis–Bacon Act. The City had a corresponding duty after examining the records to deliver copies, together with a report of any violations, to the United States Department of Labor for transmittal to the Comptroller General. *See* 29 C.F.R. § 3.4(a) (1964). The City had

to do this because it is an entity of government; it follows that this function was a governmental function. Therefore, the records in question are public records.

■ The contractor contends that the records are exempt under RCW 42.17.310(1)(d), which provides:

(1) The following shall be exempt from public inspection and copying:

. . .

(d) Specific intelligence information and specific investigative records compiled by investigative, law enforcement, and penology agencies, and state agencies vested with the responsibility to discipline members of any profession, the nondisclosure of which is essential to effective law enforcement or for the protection of any person's right to privacy.

The contractor relies on *Anchorage Bldg. Trades Council v. Department of Housing & Urban Dev.*, 384 F. Supp. 1236 (D. Alaska 1974), which held that payroll records furnished to HUD to enforce compliance with the Davis–Bacon Act qualified as "investigatory records compiled for law enforcement purposes" within the terms of 5 U.S.C. § 552b(c)(7), the Freedom of Information Act (FOIA). The statute before us is markedly different, exempting *specific* investigative records compiled by an *investigative agency*. Here, the contractor routinely delivered the payroll records to the City on a weekly basis. The City was not an investigative agency. The records were not compiled as a result of a specific investigation focusing with special intensity upon a particular party. *See Center for Nat'l Policy Review on Race & Urban Issues v. Weinberger*, 502 F.2d 370, 373 (D.C. Cir. 1974). This exemption does not apply.

■ The City contends that deletion of identifying information is justified under RCW 42.17.260(1), which provides in part:

To the extent required to prevent an unreasonable invasion of personal privacy, an agency shall delete identifying details when it makes available or publishes any public record; however, in each case, the justification for the deletion shall be explained fully in writing.

Our Supreme Court has equated the privacy interest contemplated by this section with the right of privacy developed in the common law of torts and has stated that an unreasonable invasion of privacy is a disclosure which is (a) highly offensive to a reasonable person, and (b) of no legitimate concern to the public. *Hearst Corp. v. Hoppe,* 90 Wn.2d 123, 135–36, 580 P.2d 246 (1978).

The contractor was required by 40 U.S.C. § 276a to post the prevailing wage at the jobsite and, as a result, the pay rates were already public information. Since the union dispatched workers to the job, it presumably knew the identities of most, if not all, of them already. None of the federal FOIA cases cited by the City stands for the proposition that the disclosure of the wage and tax information contained in payroll records would be highly offensive to a reasonable person. There is no suggestion that any of the employees has complained. Disclosure to a union of the identity of any employee from such a payroll record hardly appears to satisfy the common law tort test of *Hearst Corp. v. Hoppe, supra,* where the employee has already disclosed the information to the contractor who, in turn, has disclosed it to the City who, in turn, has disclosed it to the federal government. There was no justification for the deletion.

█ The contractor contends that the trial court should first have determined whether disclosure was in the public interest before considering whether the records were public records. The arguments advanced in support of this contention fail to recognize the possible difference between the contractor's interest and the public interest. The public disclosure act is a strongly worded mandate for broad disclosure of public records. *Hearst Corp. v. Hoppe, supra.* RCW 42.17.340(2) directs courts to "take into account the policy of this chapter that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others." The provisions of the act mandating public disclosure should be liberally construed and

450

its exemptions should be narrowly confined. *Hearst Corp. v. Hoppe, supra* at 128. The burden of proving that the records should not be disclosed is on the public agency. *See* RCW 42.17.340(1). We find no merit in this contention.

The union has requested this court to award attorneys fees in accordance with RCW 42.17.340(3), but has not complied with RAP 18.1(c). Therefore, this request is denied.

Reversed and remanded with directions to enter an order compelling the City to make full disclosure.

REED, C.J., and PETRIE, J., concur.

Reconsideration denied April 20, 28, and May 13, 1982.

Review denied by Supreme Court June 30, 1982.