[No. 56470-1. En Banc. May 3, 1990.]

PROGRESSIVE ANIMAL WELFARE SOCIETY, *Petitioner*, v. THE UNIVERSITY OF WASHINGTON, *Respondent*.

---

*John T. Costo*, for petitioner.

*Kenneth O. Eikenberry, Attorney General*, and *Noella Hashimoto* and *Steve Milam, Assistants*, for respondent.

ANDERSEN, J.—

FACTS OF CASE

This case involves the proper criteria for the award of attorneys' fees under the State of Washington's freedom of information act.

The Progressive Animal Welfare Society (PAWS) brought an action against the University of Washington (University) under the state freedom of information section of this State's public disclosure law, RCW 42.17.250–.340 (the act). PAWS sought to inspect or copy the "project review forms" submitted by the various research project directors to the University's Animal Care Committee. These are the forms used by that committee in its review of proposals for medical research involving animals.

PAWS made three requests to the University for release of the completed forms. To the first request, the University responded in writing by citing two exemptions to disclosure found in the act and concluded by denying access to the information:

> For the reasons cited above, the entire project review form constitutes a policy formulation document and will not be released to you. It is difficult to determine what, if any, deletions could be made and for us to still be in accordance with RCW 42.17.310(2). I would, however, be willing to discuss this with you and have included a blank form for your information. Please call me . . . if you would like to discuss this further.

Representatives of PAWS and the University subsequently discussed the matter by telephone. There is some factual dispute concerning the conversation, but it is agreed that the PAWS representative indicated he believed the

entire forms were discoverable and declined to negotiate past that. No one shows or suggests that copies of the forms, edited or otherwise, were ever offered to PAWS by the University.

PAWS then filed an action against the University under the state freedom of information act seeking disclosure of the records in question. The University moved to dismiss on the basis that PAWS had failed to exhaust its administrative remedies. In response, PAWS again requested the forms, this time from the University's public records officer. The University's public records officer responded in writing to the same effect as the University's prior response, *i.e.*, that the forms were entirely exempt from disclosure. This time the refusal was based on three separate sections of the act. This letter contained no offer to negotiate or discuss potential deletions.

PAWS administratively appealed the public records officer's decision. Ultimately, the University's President responded with a letter which also denied PAWS' appeal and agreed with the University's previous decisions that the forms were exempt from disclosure in their entirety. Throughout the present course of litigation, the University's position has been that the forms were exempt from disclosure in their entirety, based upon both state and federal law. At no time did the University offer copies of the forms with allegedly exempt information deleted.

At a contested hearing on the merits of the disclosure action, the Superior Court entered an order requiring the University to disclose the requested forms. That court also, however, authorized the University to delete data from two portions of the forms which dealt "directly and specifically with the design and/or method of research". PAWS appealed the question of attorneys' fees. The University did not cross–appeal the disclosure order so the substantive issues decided thereby are not before us, only the attorneys' fees issue.

Pursuant to a provision of the state freedom of information act, specifically RCW 42.17.340(3), PAWS had

requested the Superior Court to award attorneys' fees to it in the amount of $9,390. The University also sought attorneys' fees but the trial court denied the University's request on the basis that it was not the prevailing party under the act. While the trial court did find that PAWS was the prevailing party, it awarded only $3,500 in attorneys' fees. The trial court reduced the attorneys' fees award based upon PAWS' failure to negotiate with the University.

The trial court denied PAWS' motion for reconsideration and PAWS appealed. On appeal, the Court of Appeals agreed with the trial court that PAWS' blanket refusal to negotiate was a valid reason to reduce the attorneys' fees awarded to it. The Court of Appeals concluded in this case that under the state freedom of information act, plaintiffs who seek attorneys' fees are required to negotiate with the public agency which has the records before filing suit. *Progressive Animal Welfare Soc'y v. UW,* 54 Wn. App. 180, 773 P.2d 114, *review granted,* 113 Wn.2d 1023 (1989). The Court of Appeals went on, however, to vacate the fee award and remand for a determination of how the Superior Court arrived at its $3,500 figure.

We are here presented with one basic issue.

### Issue

Does a party seeking disclosure of information from a public agency under our state freedom of information act (RCW 42.17.250–.340) have a duty to negotiate with the public agency prior to initiating a lawsuit, and face a reduction of attorneys' fees if it does not so negotiate?

### Decision

Conclusion. We conclude that the effect of the decisions of the trial court and the Court of Appeals, if we were to affirm them, would be to extract the teeth from our State's public disclosure act. There is no requirement in Washington law, statutory or otherwise, that a party requesting public records must negotiate with the public agency involved in order to recover attorneys' fees provided by the

act. We decline to read such a duty into the statute and reverse.

What we are dealing with here is a provision of the state freedom of information act which authorizes a party prevailing against an agency in an action in the courts seeking the right to inspect or copy public records to recover reasonable attorneys' fees incurred in connection with bringing such legal action (RCW 42.17.340(3)). In order to determine whether the trial court and the Court of Appeals were justified in imposing "a duty to negotiate" prior to the award of such fees, it is necessary to briefly consider the scheme of the act.

We have recently and repeatedly held that the act is a strongly worded mandate for broad disclosure of public records.[1] The act's declaration of policy states that it is to be liberally construed to promote "full access to public records so as to assure continuing public confidence [in] . . . government processes, and so as to assure that the public interest will be fully protected." RCW 42.17.010(11).

Judicial intervention is provided for if an agency refuses to provide requested public records, or attempts to edit them in a fashion deemed unacceptable by the requester.[2] In such an action, the following rules apply: the agency has the burden of proving that the records should be exempt from disclosure; judicial review of the agency decision is de novo; and a party successfully obtaining disclosure over agency objection may recover costs including reasonable attorneys' fees.[3] This court has held that "[t]he statutory scheme establishes a positive duty to disclose public records

---

[1]*Spokane Police Guild v. Liquor Control Bd.*, 112 Wn.2d 30, 33, 769 P.2d 283 (1989); *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978).

[2]*Police Guild*, at 34.

[3]*Police Guild*, 112 Wn.2d at 34 (citing RCW 42.17.340(1), (2), (3); *Hearst*, 90 Wn.2d at 130; *Columbian Pub'g Co. v. Vancouver*, 36 Wn. App. 25, 33, 671 P.2d 280 (1983)).

unless they fall within the specific exemptions."[4] An agency which discloses only edited parts of a public record has the burden of proving that full disclosure is not required.[5]

■ An agency has an affirmative duty to promptly provide access to public records unless the records fall within a specific statutory exemption. The mandate for disclosure is liberally construed and the exemptions are inapplicable if the agency can delete information which would violate privacy or vital government interests.[6] A refusal to provide records (or parts of records) must be in writing and supported by reasons.[7] A statute's mandate for liberal construction includes a liberal construction of the statute's provision for award of reasonable attorneys' fees.[8]

The attorneys' fees section of the act provides:

> Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, it shall be within the discretion of the court to award such person an amount not to exceed twenty–five dollars for each day that he was denied the right to inspect or copy said public record.

RCW 42.17.340(3).

The University concedes that attorneys' fees are mandatory under the act but argues that the amount thereof is within the trial court's discretion. The University is correct that under RCW 42.17.340(3) the award of reasonable

---

[4]*Hearst*, 90 Wn.2d at 130.

[5]*Laborers Int'l Union, Local 374 v. Aberdeen*, 31 Wn. App. 445, 449–50, 642 P.2d 418, *review denied*, 97 Wn.2d 1024 (1982); RCW 42.17.340(1).

[6]RCW 42.17.310(2); *Seattle Fire Fighters Union, Local 27 v. Hollister*, 48 Wn. App. 129, 132, 737 P.2d 1302, *review denied*, 108 Wn.2d 1033 (1987).

[7]RCW 42.17.310(4), .320.

[8]*Holland v. Boeing Co.*, 90 Wn.2d 384, 392, 583 P.2d 621 (1978).

attorneys' fees is mandatory.[9] The court's decision, there-
fore, is limited to determining the prevailing party and the
amount of attorneys' fees that is "reasonable". The present
case presents the question of what factors a trial court
should utilize in making this determination.

Before making a fee award, the trial judge must deter-
mine whether the party seeking disclosure is the "prevailing
party" in the lawsuit. Here, the trial court determined that
PAWS was the prevailing party and was therefore entitled
to attorneys' fees. The University does not contest that
finding. In *Tacoma News, Inc. v. Tacoma–Pierce Cy.
Health Dep't,* 55 Wn. App. 515, 525, 778 P.2d 1066 (1989),
*review denied,* 113 Wn.2d 1037 (1990), the court held that a
prevailing party for purposes of the public disclosure act "is
the one who has an affirmative judgment rendered in his
favor at the conclusion of the entire case." Applying that
standard to the case before us, it is apparent that PAWS
substantially prevailed in the action to compel disclosure.
Before the trial court's order, the University had provided
no portion of the requested information. After that deter-
mination, the University was ordered to produce the
requested forms excepting only data showing the design or
research methods. PAWS, therefore, was the party which
had an affirmative judgment entered in its favor.

Implicit in the trial court's concept of a duty to negotiate
for the release of information is the idea that PAWS might
have gotten some or all of the information had it negotiated
with the University. This, however, ignores the duty
imposed by statute on the University to provide a "state-
ment" of any exemptions claimed if part of a record is
deleted, together with an explanation of how the exemption
applies to the record withheld.[10] The University had the

---

[9]*State ex rel. Public Disclosure Comm'n v. Rains,* 87 Wn.2d 626, 555 P.2d
1368, 94 A.L.R.3d 933 (1976); *Singleton v. Frost,* 108 Wn.2d 723, 728, 742 P.2d
1224 (1987); *Tacoma News, Inc. v. Tacoma–Pierce Cy. Health Dep't,* 55 Wn. App.
515, 525, 778 P.2d 1066 (1989), *review denied,* 113 Wn.2d 1037 (1990).

[10]RCW 42.17.310(4).

duty to provide a "written statement" of specific reasons for denial of a request.[11] If the University had provided some deleted version of the requested forms and the trial court had determined that only those revealed portions were disclosable, then the University would clearly have been the prevailing party. That was not the case here. The University did not comply with the act and did not offer either the requested information, or edited versions of the requested information together with a written statement of the basis for its deletions.

It is clear from the record before us that there was never any question as to what records PAWS wanted to inspect or copy, or whether the University had those records. PAWS clearly, unequivocally and repeatedly requested the right to inspect or copy specific records which the University had.

Imposing a duty upon a requester of public records to negotiate with the public entity further than PAWS did here, not only adds a duty not imposed by statute, but arguably shifts the burden of proof which the statute allocates to the public agency in possession of the records.[12] The combination of the statutory allocation of burden of proof to the public entity, together with its duty to provide a written statement of reasons supporting nondisclosure, militates against a judicial engrafting of a duty to negotiate onto the state freedom of information act. The Court of Appeals decision would allow an agency to deny a request for information in its entirety and by the simple act of offering to discuss the matter with the requester put the recovery of attorneys' fees mandated by the statute (RCW 42.17.340(3)) at risk. This undercuts the public policy of the act, which is to require public entities to promptly answer requests for public records.[13] Reading a duty to

---

[11]RCW 42.17.320.

[12]*See* RCW 42.17.340(1).

[13]RCW 42.17.320.

negotiate for the disclosure of public records into the statute significantly weakens the act and contravenes the statutorily declared public policy.[14]

Since PAWS was the prevailing party, it is entitled to attorneys' fees.[15] The question then becomes how a trial court should determine a "reasonable" attorneys' fees award and whether a court can diminish such fees because a requesting party has not negotiated with an agency.

The act provides in pertinent part:

> (1) Upon the motion of any person having been denied an opportunity to inspect or copy a public record by an agency, the superior court in the county in which a record is maintained may require the responsible agency to show cause why it has refused to allow inspection or copying of a specific public record or class of records. The burden of proof shall be on the agency to establish that refusal to permit public inspection and copying is in accordance with a statute that exempts or prohibits disclosure in whole or in part of specific information or records.

> (2) Judicial review of all agency actions taken or challenged under RCW 42.17.250 through 42.17.320 shall be de novo. Courts shall take into account the policy of this chapter that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others. Courts may examine any record in camera in any proceeding brought under this section.

RCW 42.17.340 (part).

There is nothing in the act that so much as hints at a duty to negotiate prior to seeking judicial intervention. To the contrary, we have made clear that "strict enforcement" of fees and fines will discourage improper denial of access to public records.[16]

The Court of Appeals relied upon federal case law interpreting the federal Freedom of Information Act (FOIA)[17]

---

[14]RCW 42.17.010(11).

[15]*Nast v. Michels*, 107 Wn.2d 300, 309, 730 P.2d 54 (1986).

[16]*Hearst*, 90 Wn.2d at 140.

[17]5 U.S.C. § 552.

to support its conclusion that a requesting party is required to negotiate with the agency before filing suit. The Court of Appeals held in this case:

This [federal law] interpretation of "substantially prevailing party" effectively requires potential FOIA plaintiffs [who seek award of attorney fees and costs][18] to negotiate with an agency before filing suit, unless it is apparent that negotiation would be fruitless. We adopt this requirement for potential plaintiffs under Washington's public disclosure act, as it is consistent with our policy of discouraging unnecessary litigation. Although federal courts consider a plaintiff's failure to negotiate to be determinative of whether the plaintiff is a prevailing party, we see no reason why such failure cannot instead be used to reduce a fee award. Accordingly, we find no error in the trial court's use of PAWS' blanket refusal to negotiate as a reason to reduce its attorney fee award.

(Footnote omitted.) *Progressive Animal Welfare Soc'y v. UW,* 54 Wn. App. 180, 185, 773 P.2d 114, *review granted,* 113 Wn.2d 1023 (1989).

 Although this court has held that the federal FOIA is helpful in construing our own act, it has also noted that our act is more "severe" than the federal act in many areas including attorneys' fees and penalties.[19] The federal act differs in many ways from our act.[20] The attorneys' fees provision of the federal act[21] also differs significantly from the attorneys' fees provisions in the Washington act,[22] and it is those differences which account for federal case law being more restrictive in awarding attorneys' fees. As the Court of Appeals noted, attorneys' fees under the federal

---

[18]This bracketed section in this quotation was added by the Court of Appeals following PAWS' motion for reconsideration. Thus, it does not appear in the case as published in the Court of Appeals Advance Sheets (54 Wn. App. at 185) though it does appear in the opinion as published in the bound volume of 54 Washington Appellate Reports.

[19]*Hearst Corp. v. Hoppe,* 90 Wn.2d 123, 129, 580 P.2d 246 (1978).

[20]*Cowles Pub'g Co. v. State Patrol,* 109 Wn.2d 712, 731, 748 P.2d 597 (1988).

[21]5 U.S.C. § 552(a)(4)(E).

[22]RCW 42.17.340(3).

act are discretionary. Attorneys' fees under our act are mandatory. Review of federal case law construing the federal attorneys' fees provision shows the important differences from our state courts' applications of our act. Under the federal act, the mere fact that a plaintiff is a "substantially prevailing party" does *not* entitle that plaintiff to attorneys' fees. The federal court must also consider four criteria: (1) the benefit to the public; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records; and (4) whether the government's withholding of the records sought had a reasonable basis in law. *See, e.g., Crooker v. United States Parole Comm'n,* 776 F.2d 366 (1st Cir. 1985); *Stein v. Department of Justice & FBI,* 662 F.2d 1245 (7th Cir. 1981); *Maxwell Broadcasting Corp. v. FBI,* 490 F. Supp. 254 (N.D. Tex. 1980). No comparable criteria are applied under our state act.

■ Research has not revealed any Washington case applying any of the criteria required by the federal act. None of the federal cases cited by the Court of Appeals, or any of the other federal cases reviewed, support the imposition of a duty to negotiate for access to public records. Thus, imposition of a duty to negotiate prior to an award of statutory attorneys' fees is not supported by statute or by case law. In construing statutes, courts may not read into the statute matters which are not there.[23]

The issue then becomes what factors a trial court should properly consider in making a reasonable award of attorneys' fees.

■ We hasten to emphasize that while the reasonableness of an award of attorneys' fees is subject to appellate review, a trial court's determination will not be reversed absent an abuse of discretion.[24] A trial court does

---

[23]*See In re Rosier,* 105 Wn.2d 606, 626, 717 P.2d 1353 (1986) (Andersen, J., dissenting); *King Cy. v. Seattle,* 70 Wn.2d 988, 991, 425 P.2d 887 (1967).

[24]*Allard v. First Interstate Bank,* 112 Wn.2d 145, 148, 768 P.2d 998, 773 P.2d 420 (1989).

not abuse its discretion unless the exercise of its discretion is manifestly unreasonable or based upon untenable grounds or reasons.[25] The trial court's discretion is not unbridled and we have overturned attorneys' fee awards when we have disapproved of the method utilized by the trial court.[26] We conclude in the present case that "a failure to negotiate" is an untenable ground for a reduction of attorneys' fees under our state freedom of information act.

While no case has directly addressed the factors to be applied to reach a reasonable attorneys' fee award under RCW 42.17.340(3), we delineated the factors to be applied under our Consumer Protection Act in *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 675 P.2d 193 (1983). *Bowers* was not restricted to the determination of fees under the Consumer Protection Act.[27] We will not again reiterate the criteria to be utilized in the proper determination of attorneys' fees, having only this term endeavored to clarify the proper factors to be utilized.[28]

We again reiterate that what we have had to say regarding attorneys' fees in this and the aforementioned attorneys' fees cases is not to suggest that appellate courts will not or should not give very considerable weight to the trial court's informed discretion in the amount of attorneys' fees awarded. We also need not here restate all the various bases on which a trial court may properly deny or trim requested attorneys' fees, such as, *e.g.*, when the requested fees are deemed excessive, unreasonable or based on work

---

[25]*Allard*, at 148.

[26]*Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 65, 738 P.2d 665 (1987); *Singleton v. Frost*, 108 Wn.2d 723, 733, 742 P.2d 1224 (1987).

[27]*Singleton*, 108 Wn.2d at 733. *See also Sierracin Corp.*, 108 Wn.2d at 64; *Scott Fetzer Co. v. Weeks*, 114 Wn.2d 109, 124, 786 P.2d 265 (1990).

[28]*Scott Fetzer*, 114 Wn.2d at 120.

unnecessarily done.[29] However, a trial court's determination regarding attorneys' fees utilizing an improper criterion or method requires correction. The reduction of fees to a requester under our state freedom of information act based upon a failure to negotiate with the keeper of the public records is such an improper criterion.

Since we conclude that the failure to negotiate is an untenable ground upon which to base a reduction of attorneys' fees, it is necessary to remand to the trial court for redetermination of attorneys' fees in the trial court proceeding. *See Scott Fetzer Co. v. Weeks,* 114 Wn.2d 109, 786 P.2d 265 (1990).

■ PAWS also seeks its attorneys' fees on appeal in the Court of Appeals as well as in this court. Attorneys' fees on appeal are recoverable under the act here under consideration, RCW 42.17.340(3).[30] We may either remand for such a determination or ourselves determine the fees without remand.[31] PAWS' attorney has submitted the required affidavits as well as time sheets to support its request for attorneys' fees on appeal and has otherwise complied with RAP 18.1. We have carefully reviewed the entire record herein, including PAWS' detailed affidavit supporting its request for attorneys' fees, and have done so in light of the above authorities. Based on the foregoing, and absent any contrary showing having been made, we find the entire amount requested on appeal by PAWS to be reasonable.

The amount of $4,000 for PAWS' attorneys' fees in the Court of Appeals and $1,400 for its attorneys' fees in this court is hereby awarded, together with costs as appropriate.

---

[29]*Bowers v. Transamerica Title Ins. Co.,* 100 Wn.2d 581, 593–602, 675 P.2d 193 (1983); *Sierracin Corp.,* 108 Wn.2d at 64–66; *Scott Fetzer,* 114 Wn.2d at 120.

[30]*Tacoma News, Inc. v. Tacoma–Pierce Cy. Health Dep't,* 55 Wn. App. 515, 525, 778 P.2d 1066 (1989), *review denied,* 113 Wn.2d 1037 (1990); *Columbian Pub'g Co. v. Vancouver,* 36 Wn. App. 25, 33, 671 P.2d 280 (1983).

[31]RAP 18.1(e); *Tacoma News,* 55 Wn. App. at 525; *Singleton,* 108 Wn.2d at 734.

The case is remanded to the Superior Court for a determination of PAWS' attorneys' fees and allowable costs in the trial court.

CALLOW, C.J., UTTER, BRACHTENBACH, DOLLIVER, DORE, DURHAM, and GUY, JJ., and JAMES, J. Pro Tem., concur.