[No. 12114-3-III.   Division Three.   May 4, 1993.]

COWLES PUBLISHING COMPANY, *Respondent,* v. THE CITY OF SPOKANE, ET AL, *Appellants.*

*James C. Sloane, City Attorney,* and *Rocco N. Treppiedi, Assistant,* for appellants.

*Duane M. Swinton* and *Witherspoon, Kelley, Davenport & Toole, P.S.,* for respondent.

680

SHIELDS, C.J. — Cowles Publishing Company sued the City of Spokane and the Spokane Police Department (SPD) to obtain unedited copies of certain police reports. The Superior Court ruled the routine police reports, filled out whenever a police dog makes contact with a person, are not exempt from public disclosure. The SPD and the City appeal, contending nondisclosure of virtually all the information in the reports is essential to effective law enforcement. We affirm.

The facts are not in dispute. In May 1991, Spokesman Review/Spokane Chronicle reporter Kelly McBride, while gathering background information on the SPD's K-9 unit, requested access to the "Use of Force Administrative Reports" prepared by the police whenever there is contact between a K-9 unit dog and a person. The SPD provided heavily edited copies of reports from 1988 through 1991, covering 68 incidents. Deleted from the copies were the names of the dogs, locations of the incidents, and the names, addresses and identifying details pertaining to police officers involved in the incidents, reviewing officers, individuals who experienced contact with the dogs and any witnesses. The comments of reviewing officers were also deleted.

Next to the blacked-out portions of the reports were numbers keyed to a master list of exemptions used by the SPD to justify the deletions. Provided with the documents was a "Key to Public Disclosure Law Deletions in Request by the public for IA files", which sets out the specific statutory exemption underlying each key number. The SPD used 6 of the 22 exemptions set out in the key, none of which referred to RCW 42.17.310(1)(d).[1]

In August 1991, Cowles filed a complaint in superior court seeking access to the deleted information. At an October 1991 show cause hearing, the SPD asserted the deletions were appropriate under RCW 42.17.310(1)(d), which provides:

---

[1]Three of the keyed exemptions (E-1, E-2 and E-5) invoked RCW 42.17.310-(1)(b); two of the exemptions (M-1 and M-2) invoked RCW 42.17.310(1)(i); and the final exemption (M-6) invoked RCW 10.97.

(1) The following are exempt from public inspection and copying:

. . . .

(d) Specific intelligence information and specific investigative records compiled by investigative, law enforcement, and penology agencies, and state agencies vested with the responsibility to discipline members of any profession, the nondisclosure of which is essential to effective law enforcement or for the protection of any person's right to privacy[;]

and *Cowles Pub'g Co. v. State Patrol,* 109 Wn.2d 712, 748 P.2d 597 (1988). Cowles objected to the SPD's reliance on an exemption it did not originally use as a basis for making its deletions.

The court found none of the exemptions listed in the 68 use of force reports specifically refer to RCW 42.17.310(1)(d). It considered the applicability of that section, however, and decided the reports do not fall within that statutory exemption for investigative reports, the nondisclosure of which is necessary for effective law enforcement. The court concluded the K-9 reports differ from those in *Cowles Pub'g*: the dog contact reports are generated as a routine administrative procedure, not as the result of a specific complaint or allegation of misconduct. The court reasoned that the reports are not, therefore, investigative reports as that term is used in RCW 42.17.310(1)(d), but are part of a monitoring process to ensure the SPD's policies on use of force are being implemented. It also concluded nondisclosure of the deleted information in the reports is not essential to effective law enforcement.

The court reviewed the unedited reports in chambers and considered the SPD's other stated reasons for deleting information. The court found the reports are used for policy implementation rather than policymaking; thus, it concluded the reports do not fall within the RCW 42.17.310(1)(i) deliberative process exemption. The court also found the reports are not maintained in employee files, do not contain personal information or information which is highly offensive, and do pertain to a matter of legitimate public concern, namely police officers' performance of their public duties;

thus, it concluded the reports do not fall within the RCW 42.17.310(1)(b) employee privacy exemption. Finally, the court concluded RCW 10.97 would preclude only the release of nonconviction data for which a person is no longer being processed by the criminal justice system.

The court ordered the City and SPD to release unedited copies of all 68 reports, deleting only those supervisors' statements actually pertaining to policy-making recommendations, the names of juveniles, and the names of unconvicted individuals no longer being processed by the criminal justice system. The City and SPD filed notice of appeal. The court's order was stayed by our court commissioner pending review.

The City and SPD contend: (1) the deleted portions of the reports are essential to effective law enforcement and are exempt from disclosure under RCW 42.17.310(1)(d); and (2) the reports are used for policymaking, so the observations, recommendations, and command review sections of the reports are exempt under RCW 42.17.310(1)(i). Cowles contends the City and SPD should not be allowed to argue the deletions are exempt under RCW 42.17.310(1)(d) because they did not rely on that section when they made the deletions.

The statutory scheme establishes a positive duty to disclose public records unless they fall within specific exemptions. *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 130, 580 P.2d 246 (1978). Exceptions to the public disclosure act are to be construed narrowly, to promote full access to public records. RCW 42.17.010; *Brouillet v. Cowles Pub'g Co.*, 114 Wn.2d 788, 793, 791 P.2d 526 (1990); *Hearst Corp.*, at 128; *Columbian Pub'g Co. v. Vancouver*, 36 Wn. App. 25, 28, 671 P.2d 280 (1983). The burden is on the City and SPD to show the deleted material falls within a statutory exemption to disclosure. RCW 42.17.340(1).

As a threshold matter, we address the procedural issue raised by Cowles. RCW 42.17.310(4) provides:

Agency responses refusing, in whole or in part, inspection of any public record shall include a statement of the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the exemption applies to the record withheld.

The "key" used by the City and SPD contains several exemptions based on RCW 42.17.310(1)(d), but none of those key numbers appear on the edited use of force reports. The City and SPD did not initially claim RCW 42.17.310(1)(d) applied to the deletions. Nevertheless, RCW 42.17.340 requires a show cause hearing, not a review of the record. Thus, even if the SPD's stated reasons for refusing disclosure were invalid, it could argue at the show cause hearing the information is deletable for other reasons.

■ As to the merits, we first consider whether the reports are exempt under RCW 42.17.310(1)(d), the intelligence and investigative records exemption. In the context of this case, the exemption applies to "specific investigative records . . . the nondisclosure of which is essential to effective law enforcement . . .". RCW 42.17.310(1)(d). The use of force administrative reports are not specific investigative reports, as that term is used in the statute.

Records are "specific investigative records" if they were "compiled as a result of a specific investigation focusing with special intensity upon a particular party." *Laborers Int'l Union, Local 374 v. Aberdeen*, 31 Wn. App. 445, 448, 642 P.2d 418, *review denied*, 97 Wn.2d 1024 (1982). The investigation involved must be "one designed to ferret out criminal activity or to shed light on some other allegation of malfeasance." *Columbian Pub'g Co. v. Vancouver*, 36 Wn. App. 25, 31, 671 P.2d 280 (1983).

*Dawson v. Daly*, 120 Wn.2d 782, 792-93, 845 P.2d 995 (1993). The records at issue in *Cowles Pub'g Co. v. State Patrol*, *supra*, were internal affairs investigations into complaints or allegations of misconduct. It is the duty of an internal affairs department to investigate such complaints and discipline officers appropriately. *See Cowles Pub'g*, at 729. In contrast, the reports in the present instance are generated by the offi-

cer and the K-9 supervisor "[w]henever the police service dog grabs, bites, nibbles, pinches, or in any other manner comes into physical contact with a person other than in a training setting, that causes the potential of injury...". Only "[w]hen it is apparent to the supervisor that the employee has violated departmental policy or violated a criminal statute, . . ." does the supervisor then have a duty to "initiate an Allegation of Misconduct Report" to be sent to internal affairs for investigation. The contents of the latter reports might well come under the umbrella of *Cowles Pub'g*, but the details in the initial administrative reports do not.

■ Nor is nondisclosure of the K-9 reports essential to effective "law enforcement", as that term is used in the statute. For purposes of RCW 42.17.310(1)(d), "law enforcement" involves the imposition of sanctions for illegal conduct. *Brouillet*, at 795. The K-9 reports can lead to allegations of misconduct, which would trigger an investigation and imposition of sanctions if warranted, but are not themselves used for "law enforcement".

Present in *Cowles Pub'g*, but missing in this case, is a reason for protecting the names of involved officers, complainants and witnesses. There, the court was concerned that investigations of alleged misconduct would be hampered by release of the names of those providing information. Disclosure could have a chilling effect upon the reporting of violations and followup investigations. As a result, misconduct could go unpunished. Here, there is no reason to protect the names of the dogs, witnesses, or involved and reviewing officers, or to delete the locations of the incidents. The deleted information is not exempt from public scrutiny under RCW 42.17.310(1)(d).

We next consider whether the reports are exempt under RCW 42.17.310(1)(i), the deliberative process exemption. RCW 42.17.310(1)(i) exempts "[p]reliminary drafts, notes, recommendations, and intra-agency memorandums in which opinions are expressed or policies formulated or recommended . . .."

■ *Brouillet* limits the deliberative process exemption to documents that are a part of a deliberative or policy-making process; documents concerning the implementation of policy or the factual basis for policy are not covered. Here, the court found after review that the 68 K-9 reports pertain to policy implementation, not to policymaking. The unedited reports reviewed by the trial court in chambers are not part of the record on appeal. However, two examples of reviewing officers' opinions, comments and recommendations were read by the court into the record.[2]

> The purpose of this exemption is to allow frank and uninhibited discussion during the decisionmaking process. In relying on this exemption, the agency must show that documents contain predecisional opinions or recommendations of subordinates expressed as part of the deliberative process; that disclosure would be injurious to the deliberative or consultative function; that disclosure would inhibit the flow of recommendations, observations, and opinions; and finally, that the exemption is claimed only for documents reflecting policy recommendations and opinions and not for the raw factual data upon which a decision is based. *Hoppe*, 90 Wn.2d at 132-33.

*Columbian Pub'g*, at 31-32. *See also Moser v. Kanekoa*, 49 Wn. App. 529, 531-32, 744 P.2d 364 (1987). Comments such as those read into the record clearly reflect policy implementation. The court's order permits deletion of those supervisors' comments which actually pertain to policy-making recommendations. The City and SPD have not brought to this court's attention any specific opinions, comments or recommendations in the 68 reports they contend actually pertain to policymaking. The "opinions" in the K-9 reports,

---

[2]The first example read:

" 'Reporting Supervisor's Observations: The use of the K9 unit during a foot pursuit of a fleeing criminal suspect is entirely appropriate and within the parameters of necessary force.' "

The second example read:

"[R]eporting officer's observations or a supervisor's observations and recommendation: 'Proper application of the canine.' Next person, 'I agree with that person.' Next person, 'Proper use of canine.' Next person, 'Appears to be proper use of canine.' "

as limited by the trial court's order, are not exempt from disclosure under RCW 42.17.310(1)(i).

Cowles requests attorney fees on appeal. RCW 42.17-.340(4) provides for an award of reasonable attorney fees and costs to any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record. RCW 42.17.020(22) defines "person" to include corporations. We award Cowles its attorney fees and costs in an amount to be determined by our court commissioner. RAP 18.1(f).

The decision of the Superior Court is affirmed.

THOMPSON and SWEENEY, JJ., concur.

Review denied at 122 Wn.2d 1013 (1993).