395 So.2d 683 (1981)
C. B. DUTTON
v.
William J. GUSTE, Jr.
No. 80-C-1560.
Supreme Court of Louisiana.
March 2, 1981.
Dissenting Opinion March 27, 1981.
Frank M. Coates, Jr., Taylor, Porter, Brooks & Phillips, Baton Rouge, A. Justin Ourso, III, Stephen B. Lemann, Monroe & Lemann, New Orleans, Alan H. Goldstein, for plaintiff-applicant.
William J. Guste, Jr., Atty. Gen., Warren E. Mouledoux, First Asst. Atty. Gen., Bruce P. Anderson, Staff Atty., New Orleans, Robert E. Redmann, Asst. Atty. Gen., for defendant-respondent.
MARCUS, Justice.
C. B. Dutton, a resident of the State of Indiana, instituted this action against William J. Guste, Jr., Attorney General of the State of Louisiana, seeking the issuance of a writ of mandamus ordering production of all documents concerning a settlement of the claims between the State of Louisiana and/or the Louisiana Stadium and Exposition District (LSED) and a group of architects and engineers with respect to liability for the design or construction of the Louisiana Superdome. Plaintiff also sought attorney's fees.
The trial judge refused to order production of the documents, finding that the documents *684 were exempt from the requirements of the Louisiana Public Records Law (La. R.S. 44:1-430). The court of appeal affirmed.[1] On plaintiff's application, we granted certiorari to review the correctness of that judgment.[2]
On July 15, 1978, Attorney General Guste called a press conference to announce the out-of-court settlement of state claims against a joint venture design team of architects and engineers (A/E) consisting of Curtis and Davis Associated Architects, Edward B. Silverstein and Associates, Sverdrup and Parcel and Associates, and the firm of Nolan, Norman and Nolan. These claims arose out of the design and construction of the Louisiana Superdome. Guste announced that the state had agreed to dismiss legal proceedings against the A/E group in consideration of the payment by said group to the state through their bonding companies (CNA Insurance Co. and Continental Casualty Co.) of the sum of 3.6 million dollars and the relinquishment of the group's rights to $679,000 withheld by the state in architectural fees, or a total settlement figure of about 4.2 million dollars. It was also announced that the A/E group had agreed to cooperate with the state in its pending litigation between LSED and the contractors of the building, Huber, Hunt and Nichols, Inc. and Blount Brothers, Inc.[3] On July 6, 1979, plaintiff requested by letter to the Attorney General copies of documents, including all escrow and settlement agreements and contracts, relating to the settlement between LSED and the A/E group announced by the Attorney General on July 15, 1978. Subsequently, the Attorney General's office denied the request. Plaintiff instituted this action.
La.Const. art. 12, § 3 (1974) provides in pertinent part: "No person shall be denied the right to ... examine public documents, except in cases established by law." A "public record" is defined by La.R.S. 44:1(A)(2) as follows:
All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records," except as otherwise provided in this Chapter or as otherwise specifically provided by law.
La.R.S. 44:31 provides that any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record, except as otherwise provided in this chapter or as otherwise specifically provided by law. Moreover, any person who has been denied the right to inspect or copy a public record may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs and damages as provided for by this section. La. R.S. 44:35(A). Also, the burden is on the custodian to sustain his action and the court may view the documents in controversy in camera before reaching a decision. La.R.S. 44:35(B).
The Public Records Law itself described a number of documents which are exempt from disclosure, including the records involved in legislative investigations (La.R.S. *685 44:2); records of prosecutive, investigative and law enforcement agencies (La.R.S. 44:3); tax returns and records relating to old age assistance, dependent children, liquidation proceedings, banks, insurance ratings, medical licensing, and mineral reserves (La.R.S. 44:4); records in custody of the governor (La.R.S. 44:5); and hospital records (La.R.S. 44:7). Another specific exception is provided under Title 44's General Provisions (see La.R.S. 44:31), Section 2 of Acts 1978, No. 686, which provides that the provisions of the Act do not apply to any writings or records that reflect the mental impressions, conclusions, opinions or theories of an attorney or an expert obtained or prepared in anticipation of litigation or in preparation for trial. There are other statutory exemptions "as otherwise specifically provided by law" which by their language exempt certain types of records from the Public Records Law. See generally La.R.S. 23:1660 (records of the Department of Employment Security); La.R.S. 17:391.4 (educational test scores); and La.R.S. 48:255.1 (information submitted to Department of Highways by contractors).
Louisiana courts have held that the Public Records Law must be liberally interpreted so as to extend rather than restrict access to public records by the public. Webb v. City of Shreveport, 371 So.2d 316 (La. App. 2d Cir. 1979); Bartels v. Roussel, 303 So.2d 833 (La.App. 1st Cir. 1974), writ denied, 307 So.2d 372 (La.1975).
The only issues presented for our determination are whether the documents in question are in fact "public records" and, if so, whether they are excepted from disclosure under the Public Records Law or as otherwise specifically provided by law.
After having viewed the documents in controversy in camera, we find: (1) an "Escrow Agreement" between the insurers of the A/E group, State of Louisiana, LSED and a named escrow agent; (2) a "Letter of Agreement" between the A/E group and LSED; (3) a "Complete Release of all Claims" executed by the State of Louisiana, LSED and the A/E group and their insurers; and (4) a partially-executed "Agreement of Release and Indemnity." Generally, these documents provide for a final settlement of all claims between the A/E group and the state conditioned on the execution of the "Agreement of Release and Indemnity" by third parties, the contractors, Huber, Hunt and Nichols, Inc. and Blount Brothers, Inc. While certain obligations contained in the settlement have been acted upon, other remain executory pending execution of the release by the contractors.
First, we conclude that the documents comprising the settlement agreement between the State of Louisiana, LSED and the A/E group are public records as contemplated by La.R.S. 44:1(A)(2). Having so concluded, the only possible exception provided by law called to our attention is that established by Section 2 of Acts 1978, No. 686, which provides:
The provisions of this Act shall not apply to any writings, records or other accounts that reflect the mental impressions, conclusions, opinions or theories of an attorney or an expert, obtained or prepared in anticipation of litigation or in preparation for trial.
We do not find that any of the provisions of the agreements in question reflect the mental impressions, conclusions, opinions or theories of the attorneys relative to the merits of this case. Moreover, while prepared in connection with the litigation pending between these parties and while certain of the obligations are not yet executory pending the execution of the release by the contractors, we are unable to say that the agreements are of the type obtained or prepared in anticipation of litigation or in preparation for trial. On the contrary, we consider that the documents were prepared in an attempt to conclude the litigation between these parties by settlement.
Hence, we find that the documents in controversy are public records and that they are not exempt from the public's right of inspection under any of the exceptions established by law. The courts below erred in ruling otherwise.
*686 Since plaintiff has prevailed in this suit, he is entitled to an award of reasonable attorney's fees under La.R.S. 44:35(D). However, the record does not contain sufficient evidence to allow us to fix these fees. Accordingly, we must remand the case to the district court for presentation of evidence on this issue and a determination of the amount.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. It is ordered that there be judgment making the writ of mandamus peremptory directing the proper custodian of the following public records to produce them for inspection, copy or reproduction: (1) an "Escrow Agreement" between the insurers of the A/E group, State of Louisiana, LSED and a named escrow agent; (2) a "Letter of Agreement" between the A/E group and LSED; (3) a "Complete Release of all Claims" executed by the State of Louisiana, LSED and the A/E group and their insurers; and (4) a partially-executed "Agreement of Release and Indemnity," in accordance with law.
It is further order that the case be remanded to the district court for the purpose of fixing reasonable attorney's fees.
CALOGERO, J., concurs and assigns reasons.
LEMMON, J., dissents and assigns reasons.
CALOGERO, Justice, concurring.
I agree that the Public Records Statute requires that the State disclose the contents of the agreement to compromise with the A/E group, even though such disclosure is prejudicial to the State. (See dissent of Lemmon, J.). I express my view, however, that it should be otherwise. A disclosure of this type ought not be required by the Public Records Statute, but rather only if in conformance with the Code of Civil Procedure. Article 1424 of that code prohibits discovery of "any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial." In my view this agreement meets that test because it has been prepared in the course of ongoing litigation. The Code of Civil Procedure contains an exception to the prohibition of discovery of writing where the court is satisfied that denial of discovery will unfairly prejudice the party seeking discovery or cause him undue hardship or injustice. C.Civ.P. art. 1424. This article thus provides reasonable reciprocal rights for the parties litigant, and indeed at the proper time in litigation the trial judge can order the writing produced. Nonetheless, it is not the Code of Civil Procedure but the Public Records Statute which is applicable in the instant case.
The Public Records Statute, being the later and more direct expression of the Legislature, must be applied to this case. As I read that statute (see Acts 1978, No. 686, § 2), the agreement must be shown to the plaintiff: the only exception to disclosure being mental impressions, which is not what is sought here. The Public Records Statute does not except writings "obtained or prepared... in anticipation of litigation or in preparation for trial" as does the Code of Civil Procedure. It is unfortunate that the State is placed in such an untenable position by this law, but any redress must come from the Legislature.
For the foregoing reasons, I respectfully concur.
LEMMON, Justice, dissenting.
Under R.S. 44:1 plaintiff would be entitled to inspect a document setting forth a compromise of litigation in which the State of Louisiana was a party. However, the document which plaintiff seeks to inspect is not a compromise and has not terminated the litigation between the State and the Architect/Engineers (A/E) group, despite the release to the press of contrary information. The litigation is still pending, and the document, prepared in the course of (and in the attempted settlement of) the pending and continuing litigation, constitutes the work product of the State's attorneys, *687 to which the Public Records Law does not apply. Acts 1978, No. 686, § 2.
Public records disclosure, like discovery, is oriented toward revelation of relevant facts to aid in the search for truth. But the work product exception in the Public Record Law, like the similar exception in the discovery articles of the Code of Civil Procedure, is designed to prevent prejudice which might occur when a party's strategy is revealed during the course of litigation. A completed compromise by the State of all or a part of a dispute in litigation would be subject to the Public Records Law and to the discovery articles, but neither law is intended to apply to a proposal which may or may not ripen into a compromise.
NOTES
[1] 387 So.2d 630 (La.App. 1st Cir. 1980).
[2] 392 So.2d 694 (La.1980).
[3] That litigation is presently pending as No. 71-10-0036-77 on the docket of the American Arbitration Association, Dallas Region.