[No. 30372-4-I.    Division One.    August 2, 1993.]

THE OVERLAKE FUND, ET AL, *Appellants,* v. THE CITY OF BELLEVUE, *Respondent.*

*Stephen O. Kenyon, Daniel G. Drais,* and *Stoel Rives Boley Jones & Gray,* for appellants.

*Richard L. Andrews, City Attorney,* and *David Ezra Kahn, Assistant,* for respondent.

BAKER, J. — The Overlake Fund (Overlake) seeks disclosure pursuant to the public disclosure act of documents pertaining to its application for construction of a hotel in Bellevue. After an in camera review of the documents, the trial court generally denied Overlake's request for disclosure on the ground that the documents are exempt from public inspection under RCW 42.17.310(1)(j). We affirm.

FACTS

In June 1987 Overlake applied for a building permit to construct a hotel on a 6.9-acre parcel it owns in Bellevue. Portions of the site are designated as environmentally sensitive under the City's natural determinants ordinance. The Bellevue City Code limits the height of structures within such environmentally sensitive areas to 35 feet.

The City adopted the natural determinants ordinance in May 1987. *Overlake Fund v. Bellevue*, 60 Wn. App. 787, 789, 810 P.2d 507, *review denied*, 117 Wn.2d 1022 (1991). Prior to its adoption, Overlake sent a letter to the planning commission urging it to exclude the wetland portions of its site from the sensitive areas overlay designation and asserting that application of the natural determinants ordinance to its property would render the site worthless.[1] When the City subsequently enacted the natural determinants ordinance, the Overlake site was not excluded.

Overlake's building permit application included an application for a height variance. Under the code, a variance will not be granted unless the standard height limitation would preclude or significantly interfere with a reasonable permitted use of the property, or the proposed height is the minimum necessary to afford relief.

In a letter dated August 23, 1988, to Matthew Terry, director of the Design and Development Department, Overlake's attorney stated:

> It is extremely important for you to understand that *any* reduction in the size or room capacity of this project beyond the Scheme D concessions will simply result in the project losing all economic viability. As we have discussed, we believe that such further reductions would constitute an unconstitutional taking of this property. We also believe such a requirement would render further pursuit of a permit unnecessary in order to establish that the City's actions and policies are in violation of both federal and state law.

In his affidavit, Andrews states that based on the statement included in the letter from Overlake as quoted above,

> [i]t was clear to me from this statement that Overlake Fund intended, if not satisfied with the city decision on its application, to directly pursue a court action asserting an unconstitu-

---

[1] In his affidavit, Bellevue city attorney Richard Andrews states that he was aware that:

"Since at least January, 1987, prior to the adoption of the Sensitive Area Overlake District, plaintiffs in this action, as owners of the Overlake Fund property, have asserted that the Sensitive Area Overlake District regulations would or have denied them of any reasonable economic use of the property."

tional deprivation of property rights by the city. Therefore, I determined as the attorney for the City that it was necessary for me to secure the advice of an expert appraiser for an opinion concerning the value of the property in order to advise my clients whether the city was at legal risk with regard to its actions or potential actions concerning the Overlake Fund property. It was for this purpose that the study was requested by me. The report was completed for me and at my direction and has been used as a basis for providing legal advice to my client in this matter. I have reviewed the report with Matthew Terry, in his capacity as Director of Design and Development for the City and advised him concerning his legal position based upon it. It has not otherwise been disclosed outside of the City Attorney's office. It has at all times been treated by Mr. Terry and me as a confidential document, privileged under the attorney-client and work-product principles.

Matthew Terry reviewed Overlake's application for a height variance and advised Overlake that the Design and Development Department intended to recommend denial of the project based in part on a study of the economic viability of hotels of various sizes which had been undertaken at the City's direction to determine whether the project met the requirements for a variance. According to Overlake's attorney, "Mr. Terry specifically and publicly stated that it was this study, in part, which caused him to conclude that the requested height of the Overlake proposal was not the 'minimum necessary to afford relief.' "

By letter Overlake requested a copy of the study referred to by Terry pursuant to the public disclosure act. In that letter Overlake's attorney states:

In your comments at the [September 13, 1989] meeting, you specifically stated that the city had evaluated not only the Fluke property, but other properties upon which hotels had been built or could be built. My notes reflect that you indicated you had looked at hotel sites not just in the Seattle/Bellevue area, but elsewhere in the country. This analysis was undertaken in an effort to determine whether the variance requested for of [sic] the Overlake Hotel proposal represented the "minimum necessary to afford relief" under the Shoreline Overlay District provisions of the Bellevue Land Use Code.

The City of Bellevue responded that the documents requested were exempt from public disclosure under RCW

42.17.310(1)(i) and (j), asserting as the basis for the exemption under the latter section of the public disclosure act the attorney-client privilege and work product doctrine.

Subsequently, Overlake petitioned the Superior Court for an order to show cause to require Bellevue to demonstrate why it should not disclose the documents pursuant to the public disclosure act. The City submitted the affidavit of Bellevue city attorney Richard Andrews, which suggested for the first time that the documents had been requested by the city attorney in anticipation of litigation. After the show cause hearing, the trial court denied Overlake's request without conducting an in camera review of the requested documents.

This court reversed and remanded, holding that it was an abuse of discretion to fail to conduct an in camera review of the documents to determine if they were exempt from the public disclosure act. *Overlake*, 60 Wn. App. at 798. On remand the trial court conducted an in camera review and determined that the documents sought by Overlake were requested by the Bellevue city attorney to advise his client with respect to potential litigation, and therefore are exempt from public disclosure under RCW 42.17.310(1)(j).

I

The Washington public disclosure act requires that all public records be available for inspection and copying. RCW 42.17-.270. If an agency refuses to provide a public record, in whole or part, it "shall include a statement of the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the exemption applies to the record withheld." RCW 42.17.310(4).

Upon motion of any person denied access to a public record, the superior court may require the agency to show cause why it refused to disclose the public record. RCW 42.17.340(1). The burden of proof is on the agency to show that the requested record falls within an exemption. RCW 42.17.340(1). If necessary, the superior court may also examine any record in camera in any proceeding brought under the act. RCW 42.17.340(2).

*Overlake*, 60 Wn. App. at 792-93.

■ Bellevue denied Overlake's request for the documents in part on the ground that they were prepared in anticipation of litigation. Under RCW 42.17.310(1)(j), the following documents are exempt from disclosure: "Records which are relevant to a controversy to which an agency is a party but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts."[2] Thus, the issue is whether the requested documents are exempt from disclosure under RCW 42.17-.310(1)(j) because they would not be available for discovery under the work product doctrine.

Under the work product doctrine,

> a party may obtain discovery of documents and tangible things otherwise discoverable under subsection (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, . . .) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery . . . the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

CR 26(b)(4). Thus the first question is whether the documents were prepared in anticipation of litigation.

■ Since at least January 1987, Overlake has asserted that application of the natural determinants ordinance to its property would constitute an unconstitutional taking. Based on our review of the requested documents, we conclude that the documents were produced to enable the City to evaluate its potential liability under the natural determinants ordinance and therefore that the documents were prepared in anticipation of litigation.

■ We must next determine whether Overlake is entitled to have the documents produced because it has a substantial need for them and would be unable to obtain substantially

---

[2] This court has already determined that the requested documents are relevant to a "controversy". *Overlake*, 60 Wn. App. at 795.

equivalent information by other means. In *Heidebrink v. Mori-waki*, 104 Wn.2d 392, 706 P.2d 212 (1985), the court stated that in order to justify disclosure of information

> a party must show the importance of the information to the preparation of his case and the difficulty the party will face in obtaining substantially equivalent information from other sources if production is denied. The clearest case for ordering production is when crucial information is in the exclusive control of the opposing party. On the other hand, . . . the substantial need standard is not met if the discovering party merely wants to be sure nothing has been overlooked or hopes to unearth damaging admissions.

(Citations omitted.) *Heidebrink*, 104 Wn.2d at 401.

In this case, Overlake could, and indeed did, have its own appraisal prepared. Therefore, Overlake cannot demonstrate a substantial need for the documents. Accordingly, the requested documents fall within the work product doctrine and are exempt from the public disclosure act under RCW 42.17.310(1)(j).

Because we hold that the trial court properly held that the requested documents are exempt from disclosure under the work product doctrine, we do not consider whether the documents fall within the attorney-client privilege.

## II

Former RCW 42.17.340(3) provides:

> Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, it shall be within the discretion of the court to award such person an amount not to exceed twenty-five dollars for each day that he was denied the right to inspect or copy said public record.

A prevailing party is one who has an affirmative judgment rendered in its favor at the conclusion of the entire case. *Tacoma News, Inc. v. Tacoma-Pierce Cy. Health Dep't*, 55 Wn. App. 515, 525, 778 P.2d 1066 (1989), *review denied*, 113 Wn.2d 1037 (1990).

The trial court properly ruled that the requested documents were generally exempt from public disclosure under

RCW 42.17.310(1)(j), except for the three schematic diagrams already in Overlake's possession and a 1-page factual summary containing insignificant information accessible to the public from other sources.

Under our prior remand, the applicable standard for determining whether fees, costs, and penalties are awardable is whether Overlake "essentially prevailed". Under the case of *Progressive Animal Welfare Soc'y v. UW*, 114 Wn.2d 677, 790 P.2d 604 (1990), the test is more properly stated as whether Overlake has "substantially" prevailed. Using either formulation of the test, Overlake did not prevail and therefore is not entitled to attorney's fees, costs, and penalties.

The decision of the trial court is affirmed.

SCHOLFIELD and FORREST, JJ., concur.

Review denied at 123 Wn.2d 1009 (1994).