[No. 13609-4-III. Division Three. March 21, 1995.]

YAKIMA NEWSPAPERS, INC., *Respondent*, v. THE CITY OF YAKIMA, *Defendant*, JERRY BEESON, *Appellant*.

*Donald D. Bundy* and *Wilson, Bundy & Greiner,* for appellant.

*Julie A. Dooris* and *Velikanje, Moore & Shore,* for respondent.

THOMPSON, C.J. — Jerry Beeson appeals the Superior Court's order that the City of Yakima disclose to Yakima Newspapers, Inc., d/b/a Yakima Herald Republic, a document relating to his retirement from his position as the City's fire chief. He contends the public disclosure requirements of RCW 42.17 do not apply to the document in question. The Herald cross-appeals that portion of the order in which the court determined the document constituted "work product". We affirm.

Mr. Beeson is a former fire chief for the City of Yakima. In 1993, his performance as chief and his relationship with the City and the firefighters' union became the subject of public comment, culminating in October with the City's announcement it and Mr. Beeson had reached an agreement concerning his retirement. When the City denied a request for documents by the Herald, the newspaper brought this action to compel the City to disclose "any and all records pertaining to the resignation and retirement of Fire Chief Jerry Beeson, including any documents relating to the financial terms and conditions of his retirement". According to the City, a single document existed that was responsive to the Herald's request

— the written agreement referenced in the City's October announcement of Mr. Beeson's retirement.

Mr. Beeson intervened in the Herald's action against the City and requested an in camera hearing. The court inspected the written retirement agreement in camera, but held the hearing itself in open court. At the conclusion of the hearing, the court granted the Herald the relief it requested. The City and the Herald agreed to entry of a stipulated order of dismissal with prejudice and without costs. Mr. Beeson's appeal and the Herald's cross appeal followed.

The Public Disclosure Act declares that the public policy of the State of Washington is "[t]hat mindful of the right of individuals to privacy and of the desirability of the efficient administration of government, full access to information concerning the conduct of government on every level must be assured as a fundamental and necessary precondition to the sound governance of a free society." RCW 42.17.010(11). Further, the provisions of the act are "liberally construed to promote complete disclosure of all information . . . and full access to public records so as to assure continuing public confidence of fairness of . . . governmental processes, and so as to assure that the public interest will be fully protected". RCW 42.17.010.

In this appeal, Mr. Beeson contends:

(1) The retirement agreement is not a "public record", as defined in RCW 42.17.020(27):

> [a] writing containing information relating to the conduct of government or the performance of any governmental or proprietary function prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics.

(2) The retirement agreement falls within the statutory exemption for "[r]ecords which are relevant to a controversy to which an agency is a party but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts." RCW 42.17.310(1)(j).

(3) The retirement agreement falls within the statutory exemption for "[p]ersonal information in files maintained for

employees, appointees, or elected officials of any public agency to the extent that disclosure would violate their right to privacy". RCW 42.17.310(1)(b).

The Superior Court determined the retirement agreement was a "public record". Further, the agreement was not exempt from disclosure pursuant to RCW 42.17.310(1)(j) because the City had not met the threshold requirement of showing the requested document was "relevant to a controversy". Specifically,

> the contents of [the document] do not tend to prove or disprove anything. The fact that the City of Yakima and Mr. Beeson have settled their differences is already known to the public. The terms of the settlement are simply not probative of a material fact in the "*controversy*".

In regard to this particular exemption, the court also held the agreement constituted "work product", even though its holding relating to the "controversy" requirement effectively eliminated use of the exemption here. Finally, the court decided that disclosure of the agreement did not violate Mr. Beeson's right to privacy.

(1) Is the document a public record?

As set forth above, the act defines "public record" broadly: the term includes all writings which contain information concerning governmental conduct or performance of governmental or proprietary functions. RCW 42.17.020(27). In *Dawson v. Daly*, 120 Wn.2d 782, 789, 845 P.2d 995 (1993), the court held a prosecutor's file on an expert witness was a public record because the information was used in carrying out the functions of the prosecutor's office. Likewise, performance evaluations for the prosecutor were also public records because they related to both the conduct of government and the performance of governmental functions. *Dawson. See also Oliver v. Harborview Med. Ctr.*, 94 Wn.2d 559, 618 P.2d 76, 26 A.L.R.4th 692 (1980) (patient's medical record at a public hospital was a public record because it contained information about the administration of health care services, etc.).

Other jurisdictions have considered whether settlement agreements are public records under their disclosure

laws and have uniformly held they are, even when the settlement specified, as it did here, that it was to remain confidential. *See, e.g., Anchorage Sch. Dist. v. Anchorage Daily News*, 779 P.2d 1191, 1192-93 (Alaska 1989); *Dutton v. Guste*, 395 So. 2d 683, 685 (La. 1981); *Daily Gazette Co. v. Withrow*, 177 W. Va. 110, 118, 350 S.E.2d 738, 746 (1986). *See also* Andrea G. Nadel, Annotation, *What Are "Records" of Agency Which Must Be Made Available Under State Freedom of Information Act*, 27 A.L.R.4th 680 (1984).

The document sought by the Herald contains information about the City's termination of an employee, *i.e.*, conduct in its proprietary capacity. Also, the document contains the terms of the City's and Mr. Beeson's settlement of their dispute concerning his performance as fire chief. Provision of fire services is a governmental function. The fire chief's job performance impacts that function. Thus, the trial court properly concluded the settlement agreement fits the definition of "public record".

(2) Is the document exempt under RCW 42.17.310(1)(j) as a record relevant to a controversy and not available under the civil rules for pretrial discovery, *i.e.*, work product?

A. "Relevant to a Controversy"

■ The term "controversy" is not defined in the Public Disclosure Act. In *Dawson*, the court rejected the trial court's conclusion that the term required existing litigation. The court held that conclusion conflicted "with our court rules establishing the work product rule", which "is triggered prior to the official initiation of litigation and extends beyond the official termination of litigation". *Dawson*, at 790. Hence, the court interpreted "controversy" as "encompassing either anticipated litigation or actual past or present litigation . . .". *Dawson*, at 791. The protection of the work product rule continues after litigation has terminated. *Dawson*, at 790.

■ The dispute concerning Mr. Beeson's job performance fits *Dawson*'s definition of "controversy". But unlike *Dawson*, the focus here is on the term "relevant". The trial court interpreted "relevant" as modifying and limiting "controversy". It viewed "relevant" in the context of the Rules of Evidence:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401. Because the settlement agreement did not contain information probative of either party's position, the court held it was not relevant to a controversy.

Mr. Beeson argues "relevant" must be interpreted so as to encompass not only matters probative in the dispute between the City and Mr. Beeson, but also matters potentially probative in disputes between the City and other persons in the future. We are not persuaded. The exemption does not afford a government agency the right to block disclosure of documents because of some possible relevance to a future hypothetical dispute. To so hold would frustrate the purpose of the disclosure act to promote complete disclosure of and full access to public records. RCW 42.17.010. The trial court did not err.

B. "Work Product"[1]

RCW 42.17.310(1)(j) exempts from disclosure documents not available under the rules of pretrial discovery. The exemption "incorporates the work product doctrine". *Dawson*, at 790.

Under CR 26(b)(4), "a party may obtain discovery of documents . . . otherwise discoverable under subsection (b)(1) of this rule[2] *and prepared in anticipation of litigation . . .* by or for another party . . . only upon a showing [of substantial need]." (Italics ours.) The rule continues: "[T]he court shall protect against disclosure of the mental impressions, conclu-

---

[1]This section of our opinion addresses the issue raised by the Herald on cross appeal. As noted earlier, the Herald disagreed with the trial court's conclusion that the settlement agreement was work product.

[2]Under CR 26(b)(1), "any matter, not privileged, which is relevant to the subject matter involved" is discoverable. We recognize ER 408 makes offers of compromise inadmissible to prove liability. However, the rule states it "does not require exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations". The comment provides that "[a] party may not use rule 408 as a screen for curtailing the opposing party's rights to discovery".

sions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *Dawson* and *Overlake Fund v. Bellevue*, 60 Wn. App. 787, 810 P.2d 507, *review denied*, 117 Wn.2d 1022 (1991) discuss the work product exemption to the Public Disclosure Act. In *Dawson*, an expert witness on child sexual abuse, often called to testify on behalf of the defense, requested disclosure of a file developed by the prosecutor's office for use in cross-examining him. The court stated at page 792 that the portion of the file containing notes and observations about the expert made by prosecutors while in trial on cases in which the expert appeared as a witness constituted work product.

In *Overlake*, the plaintiff sought production of city documents relating to the plaintiff's development proposal. The plaintiff contended the City had ordered an evaluation to find out whether its proposed hotel height was the minimum possible and to help determine whether plaintiff was entitled to a height variance. The City countered the evaluation was work product because it was compiled to assess whether the City was at legal risk for its actions concerning the plaintiff's development. The court remanded the case to the trial court to determine whether the documents contained information protected by the work product doctrine. *Overlake*, 60 Wn. App. at 797. On appeal after remand, the court concluded the documents were exempt because they "were produced to enable the City to evaluate its potential liability under the natural determinants ordinance and therefore that the documents were prepared in anticipation of litigation." *Overlake Fund v. Bellevue*, 70 Wn. App. 789, 795, 855 P.2d 706 (1993), *review denied*, 123 Wn.2d 1009 (1994).

*Dutton v. Guste, supra*, is the only reported case we found addressing whether a settlement document falls within a work product exemption in a public disclosure act. *Dutton* held at page 685 that settlement agreements are *not* prepared in anticipation of litigation; rather, they are documents prepared "in an attempt to conclude the litigation between these parties by settlement". Accordingly, the court held the settlement agreement was not "work product" and

was not covered by the work product exemption of the Louisiana public disclosure act.

We agree with *Dutton*. The settlement between the City and Mr. Beeson was not prepared in anticipation of litigation. Therefore, the trial court erred when it held the settlement agreement was work product. Because the trial court correctly held the document was not relevant to a controversy, our holding here does not affect the result in this appeal.

(3) Does the exemption for protection of privacy interests apply?

RCW 42.17.310(1)(b) exempts from disclosure "[p]ersonal information in files maintained for employees, appointees, or elected officials of any public agency to the extent that disclosure would violate their right to privacy." A person's privacy is violated only if the information sought would be highly offensive to a reasonable person if disclosed *and* is not of legitimate public concern. RCW 42.17.255.

A. "Highly Offensive"

█ "[T]he right of privacy applies 'only to the intimate details of one's personal and private life' . . .". *Dawson*, at 796 (quoting *Spokane Police Guild v. Liquor Control Bd.*, 112 Wn.2d 30, 38, 769 P.2d 283 (1989)). *Dawson* cites with approval *Cowles Pub'g Co. v. State Patrol*, 44 Wn. App. 882, 724 P.2d 379 (1986), *rev'd on other grounds*, 109 Wn.2d 712, 748 P.2d 597 (1988), which held disclosure of complaints filed against law enforcement officers *in the performance of their public duties*, although maybe embarrassing, is not highly offensive. *Dawson*, at 795-96. Neither is disclosure of the Beeson settlement agreement highly offensive insofar as it pertains to his performance of his public office. Other details contained in the agreement present a closer question. However, we need not decide whether disclosure of those details would be highly offensive because neither the City nor Mr. Beeson established the second requisite of RCW 42.17.255. Specifically, they did not show the absence of a legitimate, *i.e.*, reasonable, public concern in the information. *Dawson*, at 797.

### B. "Legitimate Public Concern"

█ *Dawson*, at 798, recognized that "RCW 42.17.010(11)[3] contemplates some balancing of the public interest in disclosure against the public interest in the 'efficient administration of government' ". Certainly, there exists a reasonable concern by the public that government conduct itself fairly and use public funds responsibly. The public therefore has a legitimate interest in the details of the Beeson settlement agreement. We are not persuaded by Mr. Beeson's argument that disclosure of the terms of the settlement agreement would interfere with the efficient administration of government by discouraging future litigants from settling with public entities. The fact a public body may not be able to keep the specific terms of a settlement agreement confidential does not have such a chilling effect on future settlements so as to affect the efficient administration of government. Indeed, if a public agency's settlement agreement cannot withstand public scrutiny, it may be flawed in the first place.

We hold the privacy exemption of the disclosure act does not apply here.

Mr. Beeson also raises a procedural issue. He contends the court erred when it denied his request to conduct the hearing on the Herald's disclosure request in camera. He asserts the court's ruling deprived him of a meaningful hearing because he needed the protection of a closed courtroom to fully explain why the settlement agreement should remain confidential.

█ The appellate courts have not yet addressed the question presented here. However, a decision determining whether an in camera review of *documents* is necessary is reviewed only for abuse of discretion. *Overlake*, 60 Wn. App. at 796-97. We believe the decision to conduct a closed or open hearing is

---

[3]RCW 42.17.010(11) declares that full access to information concerning the conduct of government is a public policy of this state, "mindful of the right of individuals to privacy and of the desirability of the efficient administration of government . . .".

also one within the trial court's discretion, giving defer-
ence "to the constitutional principle that it is the right of
the people to access open courts where they may freely
observe the administration of civil and criminal justice".
*Allied Daily Newspapers v. Eikenberry*, 121 Wn.2d 205,
211, 848 P.2d 1258 (1993).[4] Mr. Beeson fails to offer any
specific reasons why a closed hearing was necessary in this
case. The trial court inspected the settlement agreement
in camera and determined it did not need to close the
courtroom for argument. We see no abuse of discretion.

The Herald seeks reasonable attorney fees on appeal. It
cites RCW 42.17.340(4), which provides for such fees in favor
of persons prevailing against an "agency" in an action under
the Public Disclosure Act. In the Herald's view, Mr. Beeson
took the place of the "agency" when he pursued this appeal
after the City agreed to dismissal.

RCW 42.17.340(4) states: "Any person who prevails
against an agency in any action in the courts seeking the
right to inspect or copy any public record . . . shall be
awarded all costs, including reasonable attorney fees . . .".
The statute does not include the instant situation, in which
an individual and not the City opposed the Herald on ap-
peal. The Herald's analogy to wrongful injunction cases does
not help it. Fees are awarded in such cases as part of the
innocent party's *damages. Cecil v. Dominy*, 69 Wn.2d 289,
291-92, 418 P.2d 233 (1966). In *Yacobellis v. Bellingham*, 64
Wn. App. 295, 825 P.2d 324 (1992), the court held that the
provision in RCW 42.17.340(4) for an award of a monetary
amount for each day a person is wrongfully denied disclo-
sure is in the nature of a penalty, not damages. We hold the
provision for fees in the same subsection of the act is also in
the nature of a penalty and not damages.

There is no basis for this court to award the Herald at-
torney fees against Mr. Beeson.

---

[4]"This right of access is not absolute . . . and may be outweighed by some
competing interest as determined by the trial court on a case-by-case basis." *Allied*,
at 211.

Affirmed, save for the court's characterization of the settlement agreement as work product.

SWEENEY and SCHULTHEIS, JJ., concur.