Dear Secretary Forster:
Reference is made to your recent request for an opinion of the Attorney General's Office regarding Louisiana's Employment Security Law La.R.S.23:1471, et seq.), and the unemployment compensation (employment insurance) program administered by the Department of Labor in accordance therewith. In order for your department to administer the program and determine the amount of unemployment insurance taxes owed by employers, each employer in the state is required to file quarterly wage record reports with your office. As you note in your letter, the reports filed with your office contain confidential information such as employee names and social security numbers.
You advise that Representatives Tony Perkins and A. G. Crowe have requested that you provide them with information from the Department of Labor's records pertaining to the employment records of the land-based casino in New Orleans, in order to identify the number of employees employed at the casino on March 8, 2001 and the number of employees employed at the casino on July 24, 2001. In light of statutory requirements that such information be kept confidential by the Department of Labor, you requested our opinion as to whether information contained in employer wage records can be released to these legislators.
In accordance with La. Const. Art. 12, Sec. 3 (1974), the general rule regarding public records is that "No person shall be denied the right to examine public documents, except in cases established by laws." InDutton v. Guste, 395 So.2d 683 (La. 1981), the Louisiana Supreme Court recognized that the records pertaining to the employment security program, such as those in question, are exempt from the definition of public records and are not subject to examination, citing La.R.S. 44:1(A)(2) and. La.R.S. 23:1660(C).
In accordance with Louisiana's Employment Security Law, information obtained by the Department of Labor in the administration of the unemployment compensation program, subject to certain exceptions, is statutorily deemed confidential. In pertinent part, La.R.S. 23:1660C(1) provides that such information:
 ". . . shall be held confidential and shall not be subject to subpoena in any civil action or proceeding, nor be published or open to public inspection, other than to public employees in the performance of their public duties in any manner revealing the individual's or employing unit's identity." (Emphasis supplied).
We also direct your attention to La.R.S. 23:1660C(2), which provides:
 "Any person who violates any provision of this Section shall be fined not less then twenty dollars nor more that five hundred dollars, or imprisoned for not less than ten days nor more than 90 days, or both."
Additionally, La.R.S. 23:1660E provides:
 "Any such information that is released to any public employee in the performance of public duties, may be released on a reimbursable basis and shall be used exclusively for execution of intended public duties
and shall not, under any circumstance, be accessed and used for any other purpose, subject to sanction of any such public employee under [La.R.S. 23:1660C(2)]." (Emphasis supplied).
As noted above, information submitted to or maintained by state departments such as the Department of Labor, as public records, is generally available not only to members of the legislature, but also to members of the public, upon proper request under La.R.S. 44.1, et seq. In accordance with the provisions of La.R.S. 23:1660, however, information submitted to the Department of Labor under the Employment Security provisions is exempt from the definition of public records.
In our opinion, the above-quoted provisions of Louisiana's Employment Security Law, in particular La.R.S. 23:1660C(1) make it clear that the Department of Labor can only release information to public employees if they will use the information in the course of the performance of their public duties. (See: State v. Mills, 86 So.2d 895 (La. 1956), which determined that a District Attorney who utilized such reports as exhibits in the prosecution of a gambling case was a "public employee" and was "engaged in the performance of his `public duties'.")
When all of the provisions of La.R.S. 23:1660 are construed together as a whole, and in particular, when La.R.S. 23:1660C(1) is read in parimateria with La.R.S. 23:1660E, it is clear that the Department of Labor should not release information obtain pursuant to Louisiana's Employment Security Law to public employees for incidental or collateral purposes. Instead, such information should only be released to a public employee in connection with that employee's "intended public duties". In other words, the exception for public employees set forth in La.R.S. 23:1660
must be interpreted to provide for release of employer wage report information to public employees only if such employees need access to same for the proper performance of their "intended" public duties. To determine otherwise would require the Department to release privileged and confidential information to any public employee who asserts that receipt of the information is useful in the performance of their public duties, whether or not the employee has an actual need for such information in order to perform his duties.
We recognize and understand that in the course of the performance of their public duties, individual legislators are called upon to consider, weigh, and understand a great deal of information pertaining to the current issues faced by their constituents and this state. Indeed, Representatives Perkins and Crowe should be commended for their interest and initiative in pursuing this matter, and all other matters, that they perceive as of importance to their constituents. As counsel to the Louisiana Gaming Control Board, this office is well aware that the issue of whether or not the operator of the land-based casino in New Orleans is in compliance with law and the Casino Operating Contract is a matter of concern and importance to the state and its citizens.
We are compelled to note, however, that it not the "intended public duty" of individual legislators to examine and evaluate data and reports submitted to state departments such as the Department of Labor, nor is it their duty to determine and definitely assess the number of employees hired by the land-based casino. As such, and based upon the foregoing, we are constrained to opine that the Department of Labor is prohibited from releasing information contained in employer wage record reports to Representatives Perkins and Crowe.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of help to you or the Department of Labor with regard to other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
JMZB/sam