[No. 21729-9-III.   Division Three.   May 6, 2004.]

SPOKANE RESEARCH & DEFENSE FUND, *Plaintiff*, TIM CONNOR, ET AL., *Appellants*, v. THE CITY OF SPOKANE, *Respondent*.

---

[8] We do not address Kepl's remaining assignments of error.

*John D. Blair-Loy*; and *Steve W. Berman* and *Nancy A. Pacharzina* (of *Hagens Berman, L.L.P.*), for appellants.

Laurel Hobbs Siddoway and David Groesbeck (of Randall & Danskin, P.S.), for respondent.

SWEENEY, A.C.J. —This is a public disclosure act (PDA) case. Tim Connor, an investigative reporter, seeks attorney fees and penalties as a prevailing party under the PDA. We agree with the trial judge that Mr. Connor is not a prevailing party for two reasons. First, he failed to obtain a show cause order as required by the PDA. And, second, most of the documents Mr. Connor demanded were made public as the result of related but separate litigation by others. To the extent Spokane Research & Defense Fund did prevail, it did so on claims to which Mr. Connor was not a party and by following the correct statutory procedures. Accordingly, we affirm the summary judgment orders dismissing Mr. Connor's claims.

## FACTS

In 2000, Tim Connor was a journalist for CAMAS Magazine. Mr. Connor requested numerous records from the City of Spokane (City) related to the River Park Square downtown development project pursuant to the PDA provisions of chapter 42.17 RCW. The City began assembling documents and making them available.

In April 2001, the City gave Mr. Connor an index of 238 documents it claimed were exempt from PDA disclosure as attorney-client communications or litigation work product. Meanwhile, the bondholders on the project filed suit in federal court. In response, the City began a review of its privilege claims. Mr. Connor requested items from the April 2001 index on June 13, 2001. The City replied that a new

index was being prepared and that documents previously withheld would soon be released.

A week later Mr. Connor sued for a declaratory judgment that the City had violated the PDA (Spokane County Superior Court No. 01-2-03665-8, *Connor* I). Mr. Connor's complaint also demanded an order that the City make available all records relevant to his requests, and for attorney fees and penalties. Mr. Connor filed a motion for an order to show cause in *Connor* I on July 12, 2001. A hearing was held the same day. But no show cause order was ever issued. Mr. Connor proceeded instead with discovery under CR 26. On September 27, 2001, the City produced a definitive index of 111 River Park Square documents it still claimed were exempt from disclosure. All other documents had been released. Mr. Connor requested written depositions on December 14, 2001. The City moved for a protection order and asked the court to rule on the status of the documents already before the court.

*The Spokane Research & Defense Fund Action*

On December 14, 2001, Spokane Research & Defense Fund filed a PDA request against the City for the same documents requested by Mr. Connor on June 13, relying on the obsolete (April 2001) index. The City again asserted its claims of exemption. Spokane Research proceeded under RCW 42.17.340(1).[1] And on January 7, 2002, it filed an ex parte motion in superior court for an order requiring the City to show cause why the documents should not be released. The court held a hearing on January 22, 2002. Everyone agreed that the only disputed documents were those 111 from the September 27, 2001 index.

---

[1] RCW 42.17.340(1) provides:

Upon the motion of any person having been denied an opportunity to inspect or copy a public record by an agency, the superior court in the county in which a record is maintained may require the responsible agency to show cause why it has refused to allow inspection or copying of a specific public record or class of records. The burden of proof shall be on the agency to establish that refusal to permit public inspection and copying is in accordance with a statute that exempts or prohibits disclosure in whole or in part of specific information or records.

The court granted Mr. Connor's motion to intervene in Spokane Research's action. Mr. Connor then filed a complaint as intervenor (*Connor* II) requesting various documents listed in the September 27, 2001 index and incorporating his *Connor* I claims. Both *Connor* I and *Connor* II were simultaneously before the same judge.

Meanwhile, discovery was proceeding in yet another River Park Square action, *Eugster v. City of Spokane*, Spokane County Superior Court No. 00-2-04265-0. On December 21, 2001, the court issued a CR 26(b) discovery order in that case (the Lewis order). The court ruled that, by suing its outside counsel, Yale Lewis, the City waived the attorney-client privilege as to any document referenced or relied upon by Mr. Lewis in an October 30, 2000 confidential report to the city manager. Among the documents included in the Lewis order were the same 111 documents at issue in *Connor* II. The City began making documents publicly available pursuant to the Lewis order.

On January 18, 2002, the City turned over 238 documents to the *Connor* II court for in camera review, including the 111 documents from the September 27, 2001 index. The court reviewed only the 18 documents the City had not made public in the wake of the Lewis order. The *Connor* II court issued its decision in a memorandum opinion filed on April 19, 2002 under the case number of *Connor* I. As to those documents already released, the court ruled that the City had acted properly in retaining them until they were judicially identified as discoverable. The court ruled that the remaining 18 documents were exempt from disclosure under RCW 42.17.310. In the same order, the court granted Mr. Connor's CR 26 discovery motions in *Connor* I to find out whether the City had "silently" withheld additional documents by failing to acknowledge their existence.

*Orders Appealed From*

On May 20, 2002, Mr. Connor moved for summary judgment as intervenor in *Connor* II. He again asked for a judgment declaring that the City was unlawfully withholding records, for an order to disclose them, for an award of

attorney fees and costs, and for the imposition of statutory penalties.

Mr. Connor asked the court to inspect the documents already released and enter findings on disputed facts, such as the propriety of the City's having withheld the records; whether the claims of privilege were overbroad; whether the City should have released redacted versions; whether the records were transactional rather than litigation work product; and whether the City "persistently favor[ed] secrecy over disclosure of these records." Clerk's Papers (CP) at 560, 563, 565-71, 573, 575-77, 580. He also asked the court to reconsider its April 19, 2002 memorandum decision. He asked for attorney fees and $740,000 in penalties.

The court denied summary judgment, incorporating its April 19 *Connor* I memorandum decision. The court found that the City appropriately retained the documents ordered discoverable in the Lewis order until the scope of the implied waiver was established. Thereafter, it reasonably took until May 2002 for the City, working with Mr. Lewis, to determine the scope of the waiver. The court concluded that neither the Spokane Research action nor Mr. Connor's intervention was instrumental in obtaining release of the Lewis documents. Referring to the Lewis order and *Eugster v. City of Spokane*, the court found that "someone else had already won the disclosure battle" for these documents before Mr. Connor intervened. CP at 1075. The court concluded that Mr. Connor's intervention and subsequent motions were "not reasonably necessary to obtain disclosure of those documents." CP at 1170. And all other disputed documents were properly withheld.

The court noted that Spokane Research, unlike Mr. Connor, scheduled a statutory show cause hearing as provided by the PDA. After the court ruled that the documents were discoverable, the City showed them to Spokane Research but refused to give it copies without a court order. It was only then that the court awarded Spokane Research its fees and costs for this limited post-Lewis enforcement action.

The City then moved to dismiss Mr. Connor's claims as moot. The court granted the motion and entered an order of summary dismissal.

Because *Connor* I was still open, the court directed entry of final judgment in *Connor* II, permitting Mr. Connor to appeal.

## DISCUSSION

The question before us is whether the court correctly concluded that Mr. Connor was not a prevailing party under RCW 42.17.340(4).[2]

■ Where, as here, a citizen makes a PDA request and the agency refuses to provide the records, the requester may obtain de novo judicial review of the agency's action by proceeding under RCW 42.17.340. Had he proceeded under the PDA, Mr. Connor would have moved the court, ex parte, to order the City to show cause why the records should not be disclosed. The court would have held a hearing to determine all the relevant facts. If this action caused the City to disgorge the records, the court would have had the discretion to award Mr. Connor attorney fees and sanctions. RCW 42.17.340(4); *Spokane Police Guild v. Liquor Control Bd.*, 112 Wn.2d 30, 34, 769 P.2d 283 (1989). We find no statutory provision providing for intervention by a PDA requester in a show cause action previously filed by another party for the same documents.

In all of the judicial decisions addressing intervention in public disclosure cases, the agency is complying with the disclosure request and an affected third party intervenes to invoke the injunction power of the court to prevent disclo-

---

[2] RCW 42.17.340(4) provides:

Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, it shall be within the discretion of the court to award such person an amount not less than five dollars and not to exceed one hundred dollars for each day that he was denied the right to inspect or copy said public record.

sure.[3] Where the agency agrees to disclose the records, RCW 42.17.330 recognizes the potential privacy interests of third parties and provides for an affected third party to seek court protection under its injunction provisions. The court may enjoin disclosure that is not in the public interest or that would irreparably damage some person or governmental function. RCW 42.17.330; *Spokane Police Guild*, 112 Wn.2d at 34-35. We find no case where a PDA requester who did not follow the enforcement procedure outlined in RCW 42.17.340 has been allowed to intervene, for the purpose of seeking additional costs and penalties, in the ongoing action of a requester who did.

The statutory procedure serves the purpose of the PDA, and the trial court acted properly in denying relief outside the PDA's procedural framework.

■ The purpose of the PDA is to ensure speedy disclosure of public records. The statute sets forth a simple procedure to achieve this. Spokane Research, for example, made a formal request for specific documents. The City denied the request. Three weeks later, Spokane Research filed an ex parte motion in the superior court for an order to show cause why the documents should not be released. Two weeks later, the documents were before the court. Three days after that, a hearing was held, putting the City's claims of exemption in the hands of the court. In due course, the court issued its decision. The trial court correctly concluded that the intervention of an additional claimant added nothing, once Spokane Research's show cause proceedings began.

■ This is consistent with the general rule that a civil rule will not apply if it is inconsistent with a special

---

[3] *See, e.g., State ex rel. Evergreen Freedom Found. v. Wash. Educ. Ass'n*, 140 Wn.2d 615, 999 P.2d 602 (2000); *Brouillet v. Cowles Publ'g Co.*, 114 Wn.2d 788, 791 P.2d 526 (1990); *Spokane Police Guild*, 112 Wn.2d 30; *Cowles Publ'g Co. v. State Patrol*, 109 Wn.2d 712, 748 P.2d 597 (1988); *Cowles Publ'g Co. v. Pierce County Prosecutor's Office*, 111 Wn. App. 502, 45 P.3d 620 (2002); *Tiberino v. Spokane County, Office of Prosecuting Attorney*, 103 Wn. App. 680, 13 P.3d 1104 (2000); *Yakima Newspapers, Inc. v. City of Yakima*, 77 Wn. App. 319, 890 P.2d 544 (1995); *Laborers Int'l Union of N. Am., Local No. 374 v. City of Aberdeen*, 31 Wn. App. 445, 642 P.2d 418 (1982).

statutory proceeding. CR 81(a); *Kitsap County Fire Prot. Dist. No. 7 v. Kitsap County Boundary Review Bd.*, 87 Wn. App. 753, 759, 943 P.2d 380 (1997) (boundary review board procedural rules applying Administrative Procedure Act (ch. 34.05 RCW) govern); *Thompson v. Butler*, 4 Wn. App. 452, 454, 482 P.2d 791 (1971) (unlawful detainer provisions apply).

The statutory procedures here establish the applicable burdens of proof and standards of review. *Ames v. City of Fircrest*, 71 Wn. App. 284, 857 P.2d 1083 (1993). By definition, a PDA show cause proceeding would have placed the burden on the City to prove the validity of its claimed exemptions. *Id.* at 292. But Mr. Connor moved for summary judgment pursuant to CR 56. In doing so, he assumed the burden of showing that no disputed facts precluded judgment as a matter of law. CR 56(c). Whether a particular document falls under a PDA exemption is a question of fact. *Ames*, 71 Wn. App. at 295. And the City, as the nonmoving party, created an issue of fact simply by making a colorable argument for exemption. *Id.* at 293. The existence of disputed facts then precluded summary judgment, and an evidentiary hearing of some sort would have been necessary to resolve the disputed facts. But RCW 42.17.340(1) mandates an evidentiary hearing to determine whether documents are exempt at the outset, simply on motion of the aggrieved party. The summary judgment motion procedure is, then, incompatible with the statutory scheme.

The record shows that the court was mindful of the fact that Mr. Connor's intervention action was outside the procedural framework of chapter 42.17 RCW. A key reason for the court's granting limited relief to Spokane Research but not to Mr. Connor was that Spokane Research had followed the statutory show cause procedure. CP at 1075-76. For that reason, even though Spokane Research had also been beaten out of the gate by the Lewis order, the court awarded it costs for the legal proceedings necessary to force the City to provide copies rather than mere inspection of the previously released documents.

We affirm the court's denial of fees and penalties to Mr. Connor.

Kurtz and Brown, JJ., concur.

Review granted at 153 Wn.2d 1002 (2005).