Joseph C. Adams, Captain Little Rock Fire Department
624 South Chester Street Little Rock, Arkansas 72201-3904
Dear Captain Adams:
I am writing in response to your request for my opinion concerning the Arkansas Freedom of Information Act (FOIA). You submit your request pursuant to A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter and attached documents indicate that the custodian has received a FOIA request seeking "copies of all checks or other documents showing the entire amount received by you, concerning the recent [settlement agreement between you and the city]." The custodian intends to release the settlement agreement reached between you and the city. But the custodian stresses that she will redact all "personal information like social security number, address, or date of birth. . . ."
RESPONSE
My duty under subsection 25-19-105(c)(3)(B)(i) is to state whether the decision of the custodian of records is consistent with the FOIA. Not having seen the actual document the custodian intends to release, I cannot opine about whether that particular document is subject to the FOIA or whether all the appropriate redactions have been made. I will, however, explain the general law indicating that settlement agreements are usually subject to release under the FOIA as personnel records. *Page 2 
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first two elements appear met in this case. As for the first element, the documents are held by a political subdivision of the state, which is a public entity. As for the second element — whether the requested document is a public record — my predecessors and I have opined that a settlement agreement between an employee and the public employer is considered a public record. See Op. Att'y Gen. Nos. 2007-003, 2006-225, 2006-048, 88-078.[1]
The only remaining question is whether the settlement agreement is subject to any exemptions. In this case, the applicable exemption is the exemption for "personnel records." If a document is a "personnel record," the document is open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2009). The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be definitively determined by reviewing the record itself. Nevertheless, this office and the two leading commentators on the FOIA have consistently opined that settlement agreements between employees and their public employers are "personnel records."[2]
As a personnel record, the settlement agreement must be released unless doing so constitutes a "clearly unwarranted invasion of personal privacy." The Arkansas Supreme Court has provided some guidance on applying this test. To determine *Page 3 
whether the release of a personnel record would constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The test weighs the public's interest in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). The balancing takes place with a thumb on the scale favoring disclosure. To aid in conducting the balancing test, the court in Young elucidated a two-step approach. First, the custodian must assess whether the information contained in the requested document is of a personal or intimate nature such that it gives rise to greater than de minimus
privacy interest. Id. at 598, 826 S.W.2d at 255. If the privacy interest is merely de minimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the information does give rise to a greater than de minimus privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure. Id.,826 S.W.2d at 255. Because the exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the circumstances, his privacy interests outweigh the public's interests. Stilley v. McBride,332 Ark. 306, 313, 965 S.W.2d 125, 128 (1998). The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is irrelevant to the analysis because the test is objective. E.g., Op. Att'y Gen. Nos. 2001-112, 2001-022, 94-198.
Not having seen the settlement agreement in question, I cannot assess whether its release would constitute a clearly unwarranted invasion of personal privacy. Such a determination is always a question of fact. See Op. Att'y Gen. Nos. 2006-176, 2004-260, 2003-336, 2003-201, 98-001. Nevertheless, I will note that the release of a settlement agreement rarely amounts to a "clearly unwarranted invasion of personal privacy."[3] The items the custodian intends to redact — such as social *Page 4 
security numbers, birth date, and home address — are all proper redactions. See Op. Att'y Gen. Nos. 2009-161, 2007-064, 2006-035; A.C.A. § 25-19-105(b)(13).
In summary, the only document the custodian intends to release in response to the FOIA request is a settlement agreement. The custodian has correctly determined that the document is a "personnel record" under the FOIA. While I cannot assess this specific settlement agreement, settlement agreements typically are released as their release rarely amounts to a clearly unwarranted invasion of personal privacy.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
[1] The FOIA defines public records as "writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records." A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[2] Op. Att'y Gen. Nos. 2007-003, 2006-225, 2006-048, 88-078; John J. Watkins and Richard Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 4 ed., 2004) at 212.
[3] Several opinions from this office, the opinions of the two leading scholarly commentators on the FOIA, and several cases from other states have held that the release of particular settlement agreements did not constitute an unwarranted invasion of personal privacy. See, supra, note 2; Watkins Peltz, supra, note 2, at 323-324 (citing several decisions from sister states holding settlement agreements releasable under statutes comparable to the Arkansas FOIA, in particular: Yakima Newspapers,Inc. v. City of Yakima, 890 P.2d 544 (Wash. App. 1995), holding that the release of a settlement agreement entered into with a fire chief regarding his "retirement" would not amount to an invasion of privacy under the Washington FOIA because "Other jurisdictions have considered whether settlement agreements are public records under their disclosure laws and have uniformly held they are, even when the settlement specified, as it did here, that it was to remain confidential").